Gary GRAHAM, Petitioner,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.

Civ. A. No. H–93–2217.

United States District Court,
S.D. Texas,
Houston Division.

Aug. 13, 1993.

Mandy Welch, Anthony Haughton, John V. Singleton, Jr., Houston, TX, for petitioner.

Bob Walt, Asst. Atty. Gen., Austin, TX, for respondent.

### ORDER

HITTNER, District Judge.

Pending before this Court are the petition for writ of habeas corpus, application for stay of execution, motion for evidentiary hearing, motion for leave to undertake discovery, and the motion for leave to proceed in forma pauperis, all filed by petitioner Gary Graham ("Graham"). The Court has considered the applications and motions, the submissions of both Graham and respondent James A. Collins ("Collins") filed with this Court and the

state courts, the state court records, and the applicable law.

## FACTS AND PROCEDURAL HISTORY

Graham was indicted in Texas state Cause No. 335378 for the murder of Bobby Grant Lambert ("Lambert") by shooting him with a gun while in the course of robbing Lambert in a grocery store parking lot.[1] In October 1981, Graham was convicted of capital·murder. After the jury returned affirmative answers to the three special issues, the court assessed punishment at death by lethal injection. On direct appeal, the Texas Court of Criminal Appeals affirmed the conviction and sentence in an unpublished opinion on June 12, 1984.

Graham then filed his first state application for writ of habeas corpus pursuant to the Texas Code of Criminal Procedure, article 11.07 (Vernon Supp.1991). The state courts denied his application, and Graham sought relief in federal court. In February 1988, this Court denied Graham's petition for writ of habeas corpus. The United States Court of Appeals for the Fifth Circuit affirmed the denial of habeas relief but continued a temporary stay of execution pending disposition of two cases pending before the United States Supreme Court.[2] See Graham v. Lynaugh, 854 F.2d 715 (5th Cir.1988), rev'd, 492 U.S. 915, 109 S.Ct. 3237, 106 L.Ed.2d 585 (1989). On July 3, 1989, the Supreme Court remanded the case to the Fifth Circuit for further consideration in light of Penry v. Lynaugh, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). Graham v. Lynaugh, 492 U.S. 915, 109 S.Ct. 3237, 106 L.Ed.2d 585 (1989). On remand, a divided panel of the Fifth Circuit vacated Graham's death sentence; however, on rehearing en banc, the Fifth Circuit reversed the panel and reaffirmed its former denial of habeas relief. See Graham v. Collins, 950 F.2d 1009 (5th Cir. 1992), rev'g 896 F.2d 893 (5th Cir.1990). The Supreme Court affirmed the judgment of the Fifth Circuit. Graham v. Collins, —— U.S. ——, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993).

Graham subsequently filed his second state application for writ of habeas corpus on April 20, 1993. The trial court issued findings of fact and conclusions of law denying all relief requested. On April 27, 1993, the Texas Court of Criminal Appeals denied the relief that Graham requested. Graham·proceeded to file his second federal habeas petition, but he voluntarily dismissed that petition when Governor Ann Richards granted a thirty-day reprieve in the late afternoon of April 28, 1993. The execution date was reset for June 3, 1993.

On May 14, 1993, Graham filed a motion to stay the execution with the Texas Court of Criminal Appeals. That court entered a thirty-day stay on June 2, 1993, pending the Supreme Court's decision in Johnson v. Texas, —— U.S. ——, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993). After the expiration of the thirty-day stay, the state trial court scheduled Graham's execution for August 17, 1993, before sunrise.

On July 21, 1993, Graham filed a civil action in the 299th Judicial District Court of Travis County, Texas, seeking to compel the Texas Board of Pardons and Paroles to hold a hearing on his executive clemency request. On August 3, 1993, the state judge granted a temporary injunction and ordered a hearing.

Graham filed the instant petition for writ of habeas corpus on July 22, 1993, well in advance of his scheduled execution date. This Court, therefore, will not delay its ruling pending the appeal of the civil action in Travis County.

## APPLICATION FOR WRIT
## OF HABEAS CORPUS

This Court is authorized by 28 U.S.C. § 2254(a) to "entertain an application for a writ of habeas corpus in behalf of a person ... [who] is in custody in violation of the

---

1. Graham apparently committed nine aggravated robberies within one week of the Lambert murder. See Respondent's Opposition and Motion for Summary Judgment at 10–12. He was arrested on May 20, 1981, after falling asleep in the course of committing robbery and rape. Id. at 12.

2. Penry v. Lynaugh, 832 F.2d 915 (5th Cir.1987), cert. granted, 487 U.S. 1233, 108 S.Ct. 2896, 101 L.Ed.2d 930 (1988), and High v. Kemp, 819 F.2d 988 (11th Cir.1987), cert. granted, 487 U.S. 1233, 108 S.Ct. 2896, 101 L.Ed.2d 930 (1988).

Constitution or law or treaties of the United States. 28 U.S.C. § 2254(a) (1977). While "[t]he role of federal habeas proceedings [ ] are important in assuring that constitutional rights are observed ... [f]ederal courts are not forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3392, 77 L.Ed.2d 1090 (1983). A federal habeas corpus court is without authority to correct wrongs other than those "wrongs of [federal] constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 211, 102 S.Ct. 940, 943, 71 L.Ed.2d 78 (1982). Further, when a second or successive federal habeas petition is filed, a stay of execution should not be granted unless "there are substantial grounds upon which relief may be granted.'" *Delo v. Stokes*, 495 U.S. 320, 321–22, 110 S.Ct. 1880, 1881, 109 L.Ed.2d 325 (1990) (quoting *Barefoot*, 463 U.S. at 895, 103 S.Ct. at 3395)).

In this, Graham's third federal petition for writ of habeas corpus, Graham alleges that (1) he is factually innocent and thus executing him would violate the Eighth Amendment, U.S. Const. amend VIII, and the Fourteenth Amendment, U.S. Const. amend. XIV, and (2) he was deprived of effective assistance of counsel in violation of the Sixth Amendment, U.S. Const. amend. VI, and the Fourteenth Amendment, U.S. Const. amend. XIV. Collins has waived any exhaustion defense he may have to new evidence that Graham has submitted in support of this petition. *See* Respondent's Opposition and Motion for Summary Judgment at 13.

■ This Court must hold an evidentiary hearing only when the state court has not provided a hearing and the petitioner alleges claims which, if proven, would entitle him to habeas relief. *Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 417, 121 L.Ed.2d 340 (1992); *Townsend v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). The Court finds, for the reasons discussed below, that an evidentiary hearing is not necessary.

## I. *Actual Innocence*

■ A claim of "actual innocence" is not itself an independent constitutional claim which may entitle the petitioner to habeas corpus relief. *Herrera v. Collins*, —— U.S. ——, ——, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993). Despite *Herrera's* holding, the Court assumed *arguendo* that "a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *Id.* at ——, 113 S.Ct. at 869. The Court noted that "the threshold showing for such an assumed right would necessarily be extraordinarily high." *Id.* Justice White, in his concurring opinion, suggests that Graham would "at the very least be required to show that based on proffered newly discovered evidence and the entire record before the jury that convicted him, 'no rational trier of fact could [find] proof of guilt beyond a reasonable doubt.'" *Id.* at ——, 113 S.Ct. at 875 (quoting *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979)). The Court determines that Graham has not met the "extraordinarily high" threshold showing of actual innocence, and thus he is not entitled to habeas relief on this ground. *See Delo v. Blair*, —— U.S. ——, 113 S.Ct. 2922, —— L.Ed.2d —— (1993) (vacating Eighth Circuit's stay of execution when seven affidavits supported petitioner's claim of actual innocence and respondent conceded that no state avenue was available to review the claim).

## II. *Ineffective Assistance of Counsel*

■ Graham concedes that the issue of ineffective assistance of counsel was raised and decided against him in his first federal habeas corpus petition. *See* Motion for Evidentiary Hearing at 20; 28 U.S.C. § 2244(b) (1971). In order for the Court to consider this successive claim on the merits, the Court must initially determine that "the failure to hear the claim[ ] would constitute a 'miscarriage of justice.'" *Sawyer v. Whitley*, —— U.S. ——, ——, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992); *Kuhlmann v. Wilson*, 477 U.S. 436, 452–54, 106 S.Ct. 2616, 2626–27, 91 L.Ed.2d 364 (1986). The fundamental miscarriage of justice exception is available to Graham only if he "*'supplements* his constitutional claim [of ineffective assistance of

counsel] with a colorable showing of factual innocence.'" *Herrera v. Collins*, —— U.S. ——, ——, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993) (quoting *Kuhlmann*, 477 U.S. at 454, 106 S.Ct. at 2627) (emphasis in original). To satisfy this test, Graham must establish that in light of *all* the evidence, including that available only after trial, the jury probably "'would have entertained a reasonable doubt of his guilt.'" *May v. Collins*, 955 F.2d 299, 308 (5th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 1925, 118 L.Ed.2d 533 (1992) (citing *Kuhlmann*, 477 U.S. at 455 n. 17, 106 S.Ct. at 2628 n. 17 (quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U.Chi.L.Rev. 142, 160 (1970) (footnote omitted))). The affidavits of Sherian Etuk, Ronald Hubbard, Mervyn West, and Wilma Amos Antwine, if credited, would satisfy the *Kuhlmann* test. The state court has determined that two of these affidavits are not credible. Rather than defer to the state court's factual findings at this stage of the inquiry, the Court will assume *arguendo* that the evidence Graham has presented makes out a colorable showing of factual innocence. *See May*, 955 F.2d at 308–09.

■ The Court now addresses the merits of Graham's claim of ineffective assistance of counsel. The state court made several factual determinations, in connection with Graham's prior application for habeas corpus and the instant application, regarding this claim. The Court notes that 28 U.S.C. § 2254(d) affords a presumption of correctness to any factual determinations made by the state court. *See Sumner v. Mata*, 449 U.S. 539, 546–47, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981); *May*, 955 F.2d at 310. The presumption of correctness does not apply when, among other reasons, (1) the merits of the factual dispute were not resolved in the state court hearing, (2) the material facts were not adequately developed at the state court hearing, or (3) a federal court concludes, from consideration of the pertinent part of the record, that the factual determination is not supported by the record. 28 U.S.C. § 2254(d) (1977). Additionally, the petitioner may overcome the presumption of correctness by presenting convincing evidence that the factual determination by the

state court was erroneous. *See Mata*, 449 U.S. at 550, 101 S.Ct. at 770.

■ To prevail upon a claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland* standard a criminal defendant must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064. Counsel's performance is not deficient under *Strickland* unless "counsel made errors so serious that he was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Further, *Strickland* provides that the alleged prejudice to the defense must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* A criminal defendant has not been deprived of a fair trial without a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

■ In support of this claim, Graham submits, *inter alia*, affidavits from eyewitnesses to the offense, alibi witnesses, and the trial investigator Mervyn West, as well as offense reports, photographic arrays, lineup photographs, and expert reports. The Court finds that the following state fact findings which relate to the alleged ineffective assistance of counsel are entitled to a presumption of correctness because Graham has failed to demonstrate by convincing evidence that the state court's factual determination was erroneous:

1) On numerous occasions prior to trial, counsel met with Graham and attempted to discuss the facts of the case with him. Graham stated only that he did not commit the robbery-murder and that he had spent the evening with a girlfriend whose name, appearance, and address he could not remember. Finding of Fact #15.

2) Although defense counsel made numerous inquiries of Graham, he did not give his defense counsel the names of any potential

alibi witnesses, nor did Graham tell his counsel where he had been and what he had been doing on the night of the instant offense. Finding of Fact # 16.

3) Graham did not furnish his counsel with the names or addresses of Dorothy Shields, William Chambers, Mary Brown, or Lorain Johnson as potential alibi witnesses. Finding of Fact # 18.

4) The testimony of William Chambers, Mary Brown, and Dinah Miller, elicited during the January 8, 1988 writ evidentiary hearing, concerning the applicant's whereabouts on May 13, 1981 is not credible testimony. Finding of Fact # 19.

5) The April 18, 1993 sworn statements of William Chambers and Mary Brown concerning the applicant's whereabouts on May 13, 1981 are not credible. Finding of Fact # 19.

6) The April 18, 1993 sworn statements of Lorain Johnson and Dorothy Shield concerning the applicant's whereabouts on May 13, 1981 are not credible. Finding of Fact # 20.

7) Mervyn West's memory of the events concerning the investigation in preparation for Graham's trial is not reliable based on his April 22, 1993 affidavit describing his health problems and the resulting effects on his memory. Findings of Fact ## 21, 22.

8) Defense counsel Ronald G. Mock was never made aware of any potential alibi witnesses through West, co-counsel, Graham, or any other source. Finding of Fact # 24.

9) The testimony of Bernadine Skillern, now Bernadine Benton, concerning her witnessing of the offense and identifying Graham is credible. Finding of Fact # 27.

10) Wilma Amos' negative identification of Graham in her April 15, 1993 affidavit is not credible. Finding of Fact # 29.

11) The height discrepancies in the height approximations made by Wilma Amos, Malcolm Stephens, Lorna Stephens, and Ronald Hubbard do not discredit Bernadine Skillern's identification of Graham. Findings of Fact ## 32, 33.

12) Malcolm Stephens' negative identification of Graham in his April 26, 1993 affidavit is suspect and not credible. Finding of Fact # 42.

The state court did not review the affidavits of eyewitnesses Sherian Etuk and Leodis Wilkerson, Jr., the affidavits of alibi witnesses Vanessa Ford and Jo Carolyn Johnson, or the Houston Police Department Firearms Report.

Graham specifically asserts that counsel failed to conduct an adequate investigation, failed to interview eyewitnesses to the offense, failed to ask certain questions of Wilma Amos during Graham's trial, failed to present an alibi defense, and failed to introduce ballistics evidence to show that the gun taken from Graham when he was arrested was not the murder weapon. As the state trial court found that Graham did not bring any alibi witnesses to his lawyers' attention, he cannot mount a claim of ineffective assistance on this basis. *Wiley v. Puckett,* 969 F.2d 86, 99 (5th Cir.1992).

Even if the Court assumes that counsel's failure to ask "the obvious questions" at trial of Wilma Amos constituted deficient performance, Graham has not demonstrated that Amos' answers would probably have changed the result of the entire proceeding in his favor. *See* Petition for Writ of Habeas Corpus at 35; *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. His ineffective assistance claim thus cannot stand on this basis.

While this Court may believe that Graham's lawyers could have interviewed and subpoenaed for trial other eyewitnesses and could have introduced the ballistics report, these efforts were not constitutionally compelled. *Wiley,* 969 F.2d at 100 (citations omitted).

Based on the foregoing, the Court finds that Graham has failed to show that his counsel's performance was defective within the meaning of *Strickland* and further finds that Graham has failed to affirmatively prove prejudice. *See, e.g., Wiley,* 969 F.2d at 98–100; *Wilkerson v. Collins,* 950 F.2d 1054, 1064–65 (5th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 3035, 125 L.Ed.2d 722 (1993). Accordingly, the Court

ORDERS the following:

1. Graham's petition for writ of habeas corpus (Document # 1) is DENIED.

2. Graham's motion for evidentiary hearing (Document # 3) is DENIED.

3. Graham's application for stay of execution (Document # 4) is DENIED.

4. Graham's motion for leave to undertake discovery is DENIED.

5. Graham's motion for leave to proceed in forma pauperis (Document # 2) is GRANTED.

6. Certificate of probable cause is DENIED.