**Gary GRAHAM, Petitioner,**

v.

**Gary JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.**

**No. Civ.A. H–98–4241.**

United States District Court,
S.D. Texas,
Houston Division.

Jan. 7, 1999.

Richard H. Burr, III, Burr & Welch, Houston, TX, for petitioner.

Gena A Blount, Office of Attorney General, Austin, TX, for respondent.

### ORDER

HITTNER, District Judge.

Pending before the Court are the Motion to Dismiss for Lack of Jurisdiction Pursuant to 28 U.S.C. § 2244(b), Motion to Dismiss as Time Barred Pursuant to 28 U.S.C. § 2244(d), and in the Alternative, Motion for Summary Judgment all filed by the respondent Gary Johnson and the Petition for Writ of Habeas Corpus filed by petitioner Gary Graham (now known as Shaka Sankofa). The Court has considered the motions, the submissions of both petitioner and respondent filed with this Court and the state courts, the state court records, and the applicable law.

### FACTS AND PROCEDURAL HISTORY

Petitioner was indicted in Texas state Cause No. 335378 for the murder of Bobby Grant Lambert ("Lambert"). The indictment alleged that Petitioner shot Lambert with a gun while in the course of robbing Lambert in a grocery store parking lot.[1] In October 1981, Petitioner was convicted of capital murder. After the jury returned

---

1. Petitioner apparently committed nine aggravated robberies within one week of the Lambert murder. He was arrested on May 20, 1981, after falling asleep in the course of committing robbery and rape.

affirmative answers to the three special issues, the state court assessed punishment at death by lethal injection. On direct appeal, the Texas Court of Criminal Appeals affirmed the conviction and sentence in an unpublished opinion over fourteen years ago, on June 12, 1984.

Petitioner then filed his first state application for writ of habeas corpus pursuant to the Texas Code of Criminal Procedure, article 11.07 (Vernon Supp.1991). The state court denied his application, and Petitioner sought relief in federal court. In February 1988, this Court denied Petitioner's petition for writ of habeas corpus. The United States Court of Appeals for the Fifth Circuit affirmed the denial of habeas relief but continued a temporary stay of execution pending disposition of two cases pending before the United States Supreme Court.[2] *See Graham v. Lynaugh,* 854 F.2d 715 (5th Cir.1988), *rev'd,* 492 U.S. 915, 109 S.Ct. 3237, 106 L.Ed.2d 585 (1989). On July 3, 1989, the Supreme Court remanded the case to the Fifth Circuit for further consideration in light of *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). *See Graham v. Lynaugh,* 492 U.S. 915, 109 S.Ct. 3237, 106 L.Ed.2d 585 (1989). On remand, a divided panel of the Fifth Circuit vacated Petitioner's death sentence; however, on rehearing *en banc,* the Fifth Circuit reversed the panel and reaffirmed its former denial of habeas relief. *See Graham v. Collins,* 950 F.2d 1009 (5th Cir.1992), *rev'g* 896 F.2d 893 (5th Cir. 1990). The Supreme Court affirmed the judgment of the Fifth Circuit. *Graham v. Collins,* 506 U.S. 461, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993).

Petitioner subsequently filed his second state application for writ of habeas corpus on April 20, 1993. The trial court issued findings of fact and conclusions of law denying all relief requested. On April 27, 1993, the Texas Court of Criminal Appeals denied the relief that Petitioner requested. Petitioner proceeded to file his second federal habeas petition, but he voluntarily dismissed that petition when Governor Ann Richards granted a thirty-day reprieve in the late afternoon of April 28, 1993. The execution date was reset for June 3, 1993. On May 14, 1993, Petitioner filed with the Texas Court of Criminal Appeals a motion for reconsideration of its April 27, 1993 order. On May 24, 1993, the Supreme Court denied Petitioner's petition for certiorari resulting from the April 27, 1993 order of the Texas Court of Criminal Appeals. *Graham v. Texas,* 508 U.S. 945, 113 S.Ct. 2431, 124 L.Ed.2d 651 (1993). On June 2, 1993, the Court of Criminal Appeals overruled Petitioner's motion for reconsideration but ordered Petitioner's execution "stayed for 30 days pending the resolution of *Johnson v. Texas* by the United States Supreme Court." *Ex parte Graham,* 853 S.W.2d 565, 567 (Tex.Crim. App.1993).

On June 24, 1993 the Supreme Court issued its opinion in *Johnson v. Texas,* 509 U.S. 350, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993), holding that the Texas capital sentencing scheme adequately allowed consideration of a defendant's youth as a mitigating factor. Petitioner then filed in the Court of Criminal Appeals a motion to continue stay of execution and for remand to the state trial court for an evidentiary hearing on his claims of ineffective assistance of counsel, based on newly discovered evidence. In a per curiam opinion issued July 5, 1993, the Court of Criminal Appeals denied the motion to continue stay, and denied the motion for remand without prejudice to presenting the claims to the state trial court. *Ex parte Graham,* 853 S.W.2d 565, 570–71 (Tex.Crim.App. 1993).

On May 14, 1993, Petitioner filed a motion to stay the execution with the Texas Court of Criminal Appeals. That court

---

**2.** *Penry v. Lynaugh,* 832 F.2d 915 (5th Cir. 1987), *cert. granted,* 487 U.S. 1233, 108 S.Ct. 2896, 101 L.Ed.2d 930 (1988), and *High v.* *Kemp,* 819 F.2d 988 (11th Cir.1987), *cert. granted,* 487 U.S. 1233, 108 S.Ct. 2896, 101 L.Ed.2d 930 (1988).

entered a thirty-day stay on June 2, 1993, pending the Supreme Court's decision in *Johnson v. Texas,* 509 U.S. 350, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993). After the expiration of the thirty-day stay, the state trial court scheduled Petitioner's execution for August 17, 1993, before sunrise. On July 21, 1993, Petitioner filed a civil action in the 299th Judicial District Court of Travis County, Texas, seeking to compel the Texas Board of Pardons and Paroles ("TBPP") to hold a hearing on his executive clemency request. On August 3, 1993, the state judge granted a temporary injunction and ordered a hearing. After a hearing on July 27, 1993, the Travis County state district judge issued a temporary injunction requiring the TBPP to hold a hearing on Petitioner's claim of innocence no later than August 10, 1993. The TBPP did not conduct the a hearing but rather filed a notice of appeal to the state court of appeals in Austin. Petitioner also filed a motion to enjoin his execution pending resolution of the TBPP's appeal.

In the interim, Petitioner filed a petition for writ of habeas corpus in this Court on July 22, 1993. In this petition Petitioner alleged two claims for relief: first that he is actually innocent of the offense and is entitled to relief pursuant to the opinions of five justices in *Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993), that "the execution of an innocent person would violate the Constitution"; and second, that Petitioner was denied effective assistance of counsel. On August 13, 1993 this Court dismissed Petitioner's petition. *Graham v. Collins,* 829 F.Supp. 204 (S.D.Tex.1993). Petitioner appealed this Court's decision to the Fifth Circuit.

Contemporaneously, the Texas Court of Criminal Appeals granted the writs of mandamus filed by the TBPP and the Harris County District Attorney and directed the Austin Court of Appeals to set aside its injunction precluding Petitioner's execution pending resolution of the TBPP's appeal of the Travis County district court's temporary injunction. *State ex rel. Holmes v. Court of Appeals,* 885 S.W.2d 389 (Tex.Crim.App.1994). The Texas Court of Criminal Appeals also reconsidered its earlier opinion in *Ex Parte Binder,* 660 S.W.2d 103 (Tex.Crim.App. 1983) concerning a habeas claim of actual innocence. The court concluded that "we hold that habeas corpus is an appropriate vehicle for Petitioner to assert his claim. To the extent that it conflicts with this holding, *Binder* is expressly overruled." *Id.* at 398.

In the appeal of the denial of Petitioner's August 1993 federal habeas petition, the Fifth Court declined to rule on the merits of Petitioner's claims and on August 28, 1996 vacated this Court's judgment and remanded to this Court with instructions to dismiss the claim for failure to exhaust state court remedies. On October 11, 1996 this Court dismissed the case without prejudice for failure to exhaust state court remedies.

On April 27, 1998 Petitioner filed a third state habeas application pursuant to Tex. Code Crim.P. Art. 11.071 (Vernon 1995). Section 5 of article 11.071 addresses subsequent applications of writs of habeas corpus. Specifically, the section provides that a subsequent writ cannot be considered unless the application contains specific facts establishing that:

(1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable;

(A) on the date the applicant filed the previous application; or

(B) if the applicant did not file an initial application, on or before the last date for timely filing of an initial application;

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror

could have found the applicant guilty beyond a reasonable doubt; or

(3) by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury in the applicant's trial under Article 37.071 or 37.0711.

When a petitioner files a subsequent writ of habeas corpus, the convicting court must submit the subsequent writ application to the Texas Criminal Court of Appeals to determine whether the article's requirements have been satisfied. Tex. Crim.P. Art. 11.071 § 5(c). Pursuant to this submission, on November 18, 1998 the Court of Criminal Appeals dismissed the case, finding, "We have examined the application and find it fails to satisfy Art. 11.071, Sec. 5, and accordingly dismiss the application as an abuse of the writ." *Ex Parte Graham,* No. 17,568–05 (Tex.Crim. App.1998).

On December 18, 1998 Petitioner filed the instant petition for federal habeas corpus relief in this Court. He raises three claims: (1) Ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments; (2) Violation of due process; and (3) the state of Texas' failure to provide constitutional safeguards against inappropriate imposition of the death penalty.

*Jurisdiction*

Before the Court reaches the merits of Petitioner's claim, it must address the jurisdictional issue raised by Respondent. Respondent argues that this Court is without jurisdiction to consider Petitioner's petition as it is a "successive" application governed by the amendments to the AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court. Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner admits that there is a question of the meaning of "pending" cases for the application of this section of the AEDPA. Pet. Reply at 6. Recognizing that federal district courts are obligated to examine jurisdiction continuously, this Court determines that it is without jurisdiction to review the pending petition pursuant to section 2244(b)(3)(A). Accordingly, the Court hereby

ORDERS that the Motion to Dismiss for Lack of Jurisdiction Pursuant to 28 U.S.C. § 2244(b) is GRANTED. Petitioner's application is hereby DISMISSED.