**Ex parte Johnny BINDER.**

No. 69209.

Court of Criminal Appeals of Texas, En Banc.

Nov. 23, 1983.

Stanley G. Schneider and Catherine Greene, Houston, for appellant.

John B. Holmes, Jr. and Patricia Saum, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

The habeas court after a hearing made the following finding of facts pertinent to the issue before us:

"1. On August 24, 1979, Petitioner was convicted by a jury of aggravated robbery in Cause Number 297535 in the 230th District Court of Harris County, Texas. The jury assessed Petitioner's punishment at eighteen (18) years confinement in the Texas Department of Corrections.

"2. At trial, Petitioner was represented by retained counsel, Grant Hardeway. His conviction was affirmed by the First Court of Appeals in an unpublished opinion delivered May 6, 1982, Binder v. State, No. 01–81–0419–CR. The Petitioner's motion for rehearing requesting the Appeals Court to abate the appeal based upon newly discovered evidence was denied.

"...

"8. During his trial, Petitioner presented an alibi to the charges that he was in Dallas, Texas at the time of the robbery at the Bullock's Jewelry Store in Houston, Harris County, Texas on May 26, 1979.

"...

"10. During Petitioner's trial, several eye witnesses testified. Five eye witnesses identified Petitioner as one of the robbers; some of these witnesses positively identified Petitioner for the first time at trial. Three eye witnesses could not identify Petitioner as one of the robbers, and at least one of these three testified that Mr. Binder was absolutely not one of the robbers.

"...

"12. In March of 1980, the State learned about the existence of Marie Terrell, a woman convicted of robbery in California and in Louisiana, and her possible involvement in a jewelry store robbery in Houston, Harris County, Texas.

"13. Marie Terrell testified to facts concerning the May 26, 1979, Bullock's Jewelry Store Robbery that could only be known to a person in the store at the time the robbery occurred ...

"...

"14. Marie Terrell committed the Bullock's Jewelry Store Robbery on May 26, 1979 with Jesse Smith and Tony Smith.

"...

"17. Before their incarceration, Marie Terrell and Tony Smith were cohabiting.

"18. Tony Smith resembles Johnny Binder, Jr.

"19. Johnny Binder, Jr. did not participate and was not involved in the May 26, 1979 robbery of the Bullock's Jewelry Store."

Applicant, relying on *Whitmore v. State,* 570 S.W.2d 889 (Tex.Cr.App.1976), requests that we grant him a new trial on the basis of newly discovered evidence.

Respondent State vigorously asserts that habeas corpus relief has never been granted by this Court on the basis of newly discovered evidence. The State correctly notes that "*Whitmore* is clearly distinguishable since it involves an appeal from the denial of appellant's motion for new trial and not a collateral attack upon a valid conviction."[1]

The State points us to several federal cases standing for the proposition that claims of newly discovered evidence, standing alone, are not a fit subject for habeas corpus review.

In *Townsend v. Sain,* 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963), the United States Supreme Court noted:

"Where newly discovered evidence is alleged in a habeas application, evidence which could not reasonably have been presented to the State trier of facts, the federal court must grant an evidentiary hearing. Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."

*Shaver v. Ellis,* 255 F.2d 509, 511 (5th Cir.1958), also involved newly discovered evidence in the form of a confession by a purported participant in the crime for which an applicant was convicted. The court stated:

"But it is clear that questions of guilt or innocence are not matters to be considered upon petition for habeas corpus. The sole purpose of such proceedings is to test the validity or legality of the restraint of the petitioner ... Newly dis-

---

1. The defendant in *Whitmore* complained on appeal from his conviction that the trial court erred in denying his motion for new trial.

covered evidence in the form of a confession by another does not render the conviction void and subject to collateral attack by habeas corpus because it goes to the merits of the conviction, not to its legality.

"This is not a new proposition. In *Figueroa v. Saldana* [1 Cir. 23 F.2d 327] ... a confession apparently absolving the petitioner was brought to light after all time for appeal had passed. The Court stated that the confession 'might be urged as the proper subject for executive clemency, but it affords no basis for judicial action.' ... It was set forth even more forcefully in McGuire v. Hunter [10 Cir. 138 F.2d 379, 381] ...: '... confessions of the crime ... completely absolving petitioner of any guilt therein ... afford no basis whatever for discharge on habeas corpus.' Cases of like import are not uncommon ...

" ...

"Due process requires no more nor less than compliance with the orderly procedures long established in our law to assure fundamental fairness in criminal prosecutions. Executive clemency is the last link in the chain. That having been denied, the Court below was powerless to make this eleventh hour confession the forge in which to shape another."

In *Anderson v. Maggio,* 555 F.2d 447, 451 (5th Cir.1977), the circuit court relied on both *Townsend* and *Shaver* in reaching its conclusion:

"Petitioners further allege that the district court's denial of their petition, without holding an evidentiary hearing, was improper in light of their allegations of newly discovered evidence—in particular, state witness Madison's affidavit recanting his trial testimony. In their appellate brief, petitioners also include an affidavit from a Johnny Rogers, a fellow inmate of the Andersons', in which Rogers confesses to the crime and exculpates petitioners. Yet, in *Townsend v. Sain* ... the definitive opinion on the standards for determining when an evidentiary hearing should be held to examine allegations

contained in a habeas corpus petition, the Supreme Court stated that 'the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on habeas corpus.' ... Similarly in *Shaver v. Ellis* ... this Court held:

"'Questions of guilt or innocence are not matters to be considered upon petition for habeas corpus ... Newly discovered evidence in the form of a confession by another does not render the conviction void and subject to collateral attack by habeas corpus because it goes to the merits of the conviction, not to its legality ...

"'The confession "might be urged as the proper subject for executive clemency, but it affords no basis for judicial action."'

"255 F.2d at 511 (citations omitted). Thus, neither Madison's recantation nor Rogers' confession is sufficient to require habeas relief." (Footnotes omitted.)

The foregoing principles elucidated in *Townsend* and *Shaver* have been repeatedly affirmed in a number of decisions in the United States Circuit Courts. In addition to *Anderson,* see *Drake v. Wyrick,* 640 F.2d 912 (8th Cir.1981); *Burks v. Egeler,* 512 F.2d 221 (6th Cir.1975), cert. denied, 423 U.S. 937, 96 S.Ct. 297, 46 L.Ed.2d 270 (1975); *United States Ex Rel. Whitmore v. Malcolm,* 476 F.2d 363 (2nd Cir.1973).

Both parties are agreed that at the state level in Texas, no authority exists for considering claims of newly discovered evidence in habeas corpus review and that this Court has never in practice done so.

The reason for this state of affairs is to be found in principles similar to those discussed in the federal cases and having to do with the very nature of the writ of habeas corpus.

In *Banspach v. State,* 91 S.W.2d 365 (Tex. Cr.App.1936), cited approvingly in *Shaver,* this Court stated:

"It is well settled by the decisions of the Court of Criminal Appeals that the merits of a case involving the guilt or innocence of an accused are not a proper.

subject of inquiry in a habeas corpus proceeding ... This court has consistently declined to permit the writ of habeas corpus to usurp the function of an appeal."

Similarly, in *Gilbert v. State,* 437 S.W.2d 444, 446 (Tex.Civ.App.1969), the Court of Civil Appeals in Houston noted:

"The guilt or innocence of appellant is not brought into question by habeas corpus. Only the legality of the detention is relevant."

In *Ex parte Munoz,* 209 S.W.2d 767, 768–769 (Tex.Cr.App.1948), the applicant challenged his conviction on the grounds that he had been a juvenile at the time of trial. In passing, this Court delivered the following dictum:

"If it had been a contested issue upon the trial of relator whether he was over or under seventeen years of age and that issue had been determined against him ... surely he would not be permitted in a habeas corpus proceeding to seek a new trial, or release from the effect of a judgment of conviction, upon the ground that new evidence was available on the question of his age.

"... The fact that [the Court of Criminal Appeals] is a court of last resort, and its holdings are not reviewable by any other court except when a federal question is raised, would not justify the Court in exceeding its constitutional and statutory authority."

The basic principle of the state and federal cases heretofore examined, would appear to be that the mere raising of a claim of newly discovered evidence is, standing alone, not a fit subject for the exercise of state or federal habeas corpus powers.

Indeed, applicant makes no realistic claim that his or any other motion for new trial, raised in a habeas proceeding, and based on nothing more than newly discovered evidence, involves a challenge to the legality of the proceeding in which he was convicted or violates a state or federal constitutional or statutory right.

We conclude that post-conviction habeas corpus has not been and is not now the appropriate remedy for an applicant whose claim for relief is based on newly discovered evidence. Applicant is obviously free to pursue any remedies the state executive branch has to offer. The relief sought is denied.

It is so ordered.

TEAGUE, J., not participating.