Richard Carl **HARRIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 04–91–00272–CR, 04–91–00277–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 6, 1991.

Kirk Hawkins, San Angelo, for appellant.

J.W. Johnson, Jr., Dist. Atty., Sonora, for appellee.

**232**

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

BIERY, Justice.

Appellant has filed a motion to abate the appeal and remand the case to the trial court so he may file an out-of-time motion for new trial based on newly discovered evidence. In the verified motion, appellant contends that the State's main witness, Lonnie Hood, was an undercover operator who testified that he bought controlled substances from appellant. According to appellant, Hood has served as a hired undercover operator for several law enforcement agencies throughout Texas, and he has been indicted in Mitchell County, Texas, for perjury regarding his grand jury testimony on similar undercover operations. Appellant claims the Taylor County District Attorney has dismissed approximately seventy cases in which Hood was an undercover operator. Additionally, appellant asserts that the Sutton County District Attorney has dismissed similar cases. Appellant raises issues concerning the Sutton County District Attorney's present lack of belief in Hood's credibility and concerning Hood's alleged tampering with and manufacturing evidence.

■ The time for filing a motion for new trial has expired. TEX.R.APP.P. 31(a). In an appropriate case, for good cause shown, this court may suspend requirements and provisions of any rule in a particular case on application of a party or on our own motion and may order proceedings in accordance with our direction. TEX. R.APP.P. 2(b), 80(c). This includes abating an appeal for an out-of-time motion for new trial. *Schaired v. State,* 786 S.W.2d 497, 498 (Tex.App.—Houston [1st Dist.] 1990, no pet.); *Callis v. State,* 756 S.W.2d 826, 827 (Tex.App.—Houston [1st Dist.] 1988, no pet.); *cf. State ex rel. Cobb v. Godfrey,* 739 S.W.2d 47, 49 (Tex.Crim.App.1987) (trial court had no jurisdiction to rule on motion for new trial after it had been overruled by operation of law, and Court of Criminal Appeals would not utilize rule 2(b) in absence of showing of good cause).

In *Torres v. State,* 804 S.W.2d 918 (Tex. App.—El Paso 1990, no pet.) (opinion of June 6, 1990), the appellate court was asked to abate the appeal and return the case to the trial court for a hearing on the question of ineffective assistance of counsel. In the opinion on motion for rehearing, the court held that such a procedure would not violate that portion of appellate rule 2(b) prohibiting the suspension of Code of Criminal Procedure provisions, because time limits for motions for new trial are no longer covered by statute but by court rules. *Id.* at 920. However, the El Paso Court of Appeals further held that the requested action would violate appellate rule 2(a) by extending that court's jurisdiction, presumably because jurisdiction over motions for new trial lies with the trial court. *Id.; Torres v. State,* 804 S.W.2d 918 (Tex. App.—El Paso 1990, pet. ref'd) (opinion of February 15, 1990).

■ Rule 2(a) states that the Rules of Appellate Procedure shall not be construed to extend or limit the jurisdiction of the courts of appeals. TEX.R.APP.P. 2(a). We agree with the El Paso Court of Appeals that rule 2(b) is subject to the limitations of rule 2(a) and that rule 2(b) may not be used to create jurisdiction where none exists. *Charles v. State,* 809 S.W.2d 574, 576 (Tex.App.—San Antonio 1991, no pet.). But, we disagree with the El Paso Court of Appeals' application of rule 2(a) in proclaiming a lack of appellate court jurisdiction to grant an out-of-time motion for new trial.

■ This court's jurisdiction is constitutionally and legislatively created. TEX. CONST. art. V, § 6; TEX.GOV'T CODE ANN. §§ 22.201, 22.205 (Vernon 1988); TEX.CODE CRIM.PROC.ANN. arts. 4.01, 4.03 (Vernon Supp.1991). A party invokes this court's appellate jurisdiction by timely filing a notice of appeal. *Shute v. State,* 744 S.W.2d 96, 97 (Tex.Crim.App.1988). Once a court acquires jurisdiction of a case, "that jurisdiction embraces everything in the case and every question arising which can be determined in the case...." *Garcia v. Dial,* 596 S.W.2d 524, 528 (Tex.Crim. App. [Panel Op.] 1980) (emphasis omitted).

"[L]ack of jurisdiction and the improper exercise of jurisdiction are vitally different concepts...." *Id.* at 528 n. 5 (emphasis omitted). "Once jurisdiction of an appellate court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute." *Carter v. State,* 656 S.W.2d 468, 469 (Tex. Crim.App.1983); *see also Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App.1990).

■ The determination of a motion for new trial is within the province of the trial court. TEX.R.APP.P. 30, 31. Were we to allow appellant to file a motion for new trial in this court, and were we to then grant or deny the motion ourselves, then we would be exceeding the limits of our authority as suggested by the El Paso Court of Appeals in *Torres v. State.* However, that is not the case when all we do is abate the appeal so that a motion for new trial may be presented to the judicial body authorized to act upon it, that is the trial court. Abating the appeal for such a purpose would not disturb the judgment, and we would not be extending our jurisdiction. It would be for the trial court to decide the merits of a motion for new trial. If the trial court finds a new trial is warranted under appellate rule 30(b), the court shall grant the motion, and only then would the judgment be affected. TEX.R.APP.P. 31(e)(2), 32. If the trial court finds otherwise, the court shall deny the motion or the motion shall be considered overruled by operation of law, and that action would be a proper subject for a point of error before this court under the appropriate standard of appellate review in such cases. TEX. R.APP.P. 31(e)(2), (3), 74, 90(a). We stress that we would not be sitting as a de facto trial court by abating the appeal for an out-of-time motion for new trial.

We are mindful of *Drew v. State,* 743 S.W.2d 207 (Tex.Crim.App.1987), in which the court held that the trial court did not err in denying a late filed motion for new trial because the trial court did not have jurisdiction to act on a late motion for new trial. Unlike *Drew,* where the trial court did not have jurisdiction under the then

existing statute [1], this court does have jurisdiction over the case. We also have the authority to suspend rule 31(a) and remand this case to the trial court for an out-of-time motion for new trial. TEX.R.APP.P. 2(b). We now turn to the issues of the sound exercise of our discretion and a showing of good cause.

One factor to consider in a case such as this is whether the issue sought to be resolved can serve as a basis for post-conviction habeas corpus relief. If not, then an appellant's opportunity to have his claim resolved in the courts would be forever lost.

■ A claim of newly discovered evidence is not cognizable by habeas corpus. *Ex parte Binder,* 660 S.W.2d 103 (Tex. Crim.App.1983). The Court of Criminal Appeals has granted relief on what could initially appear to have been a claim of newly discovered evidence, but in actuality relief was granted on another basis. *Ex parte Brandley,* 781 S.W.2d 886 (Tex.Crim. App.1989), *cert. denied,* — U.S. ——, 111 S.Ct. 61, 112 L.Ed.2d 35 (1990) (relief granted because improper investigative procedures denied applicant due process, but see Campbell, J., dissenting opinion and Duncan, J., concurring opinion). The Court of Criminal Appeals has granted relief in a case in which the court found, in part, that the prosecutor knowingly used perjured testimony even though the prosecutor may not have actually known of the perjury. *Ex parte Adams,* 768 S.W.2d 281 (Tex. Crim.App.1989). This was because a police officer knew of the perjury, and knowledge of the police will be imputed to the prosecutor. *Id.* at 291–92.

In our case, it is not clear that appellant would be able to obtain habeas corpus relief if his allegations contained within his motion to abate for an out-of-time motion for new trial were proven true. Assuming the truth of his factual assertions, there may or may not have been an improper investigation such as to deny due process. Furthermore, it is not certain that Hood's knowledge in his capacity as a hired under-

1. TEX.CODE CRIM.PROC. art. 40.05, now TEX. R.APP.P. 31(a).

cover operative, would be imputed to the prosecutor.

Next, we should look at the nature of the claim and determine whether the interests of justice are best served by allowing an out-of-time motion for new trial. In *Sambrano v. State*, 754 S.W.2d 768 (Tex.App.—San Antonio 1988, no pet.), this court discussed the difference between newly discovered evidence that is merely impeaching and that which, although impeaching, requires a new trial. We quoted the following:

> As said in some of the opinions, the reason for the rule forbidding a new trial for the purpose of admitting cumulative [impeaching] testimony is that public policy, looking to the finality of trials, requires that a defendant be held to diligence in preparing their cases for trial; but this policy, which seeks to limit continued litigation, should never be applied where the newly discovered testimony may be of that cogency and force where it might probably show that an innocent man may probably be caused to suffer for a crime he did not commit. Courts are organized, and the object of the law is that the true facts may be arrived at and justice administered; and where the evidence is about upon an equipoise as to whether a man committed an offense or not, if there is really newly discovered testimony coming from a credible source, this rule will be held in subordination to the great end to be obtained—that is, meeting out justice to each individual citizen.

*Id.* at 770 (quoting *Spencer v. State*, 69 Tex.Crim. 92, 153 S.W. 858, 860 (1913)) (emphasis omitted). We further observed that a conviction obtained through false testimony may reach constitutional proportions involving the sixth amendment confrontation right and thus, would require a new trial, particularly when a defendant could not have been convicted without the false testimony. *Id.* at 770–71. In *Sambrano*, we determined that the appellant was entitled to a new trial for delivery of a controlled substance based on a subsequent judicial confession by the State's main witness that he lied at appellant's trial when he testified he was not shooting up heroin at the time he was receiving money from the State for purchasing drugs to make cases.

The alleged newly discovered evidence in the instant case, if true, would go to the very heart of the State's case against appellant. The alleged evidence is of such a nature that, if true, the interests of justice would best be served by a new trial.

However, we are unwilling to find that appellant has shown good cause for two reasons: (1) the motion does not include facts showing due diligence; and (2) the factual assertions in the motion are not affirmatively attested to. Appellant's motion to abate for an out-of-time motion for new trial is verified, but the verification is qualified. Appellant's counsel has sworn that the statements contained in the motion are "to the best of my knowledge, based on the information I have received, true and correct." There are no accompanying affidavits in support of the motion to the effect that the factual allegations are true, nor are there any accompanying certified copies of court documents that would support the allegations concerning the other cases involving Lonnie Hood. Moreover, although appellant contends the evidence has recently surfaced, the motion contains no factual assertion on the question of due diligence. Therefore, we will not take the unusual step of invoking TEX.R.APP.P. 2(b).

Nevertheless, for the reasons we have previously outlined, the motion raises a serious enough question about the trial that appellant should be given the opportunity to show good cause for suspending TEX. R.APP.P. 31(a). Therefore, we abate the appeal for an evidentiary hearing at which appellant may try to show good cause to allow an out-of-time motion for new trial. This action itself is most unusual, but because of the unique nature of the motion and the facts alleged therein, we find it appropriate to do so. The uniqueness of the requested suspension of rules of appellate procedure for an out-of-time motion for new trial necessarily requires us to avoid giving specific guidelines to the trial court

and the parties concerning what evidence should be produced to show good cause. The trial court and the parties are in the best position to determine what is appropriate.

This appeal is abated and remanded to the trial court for an evidentiary hearing on the issue of good cause for allowing an out-of-time motion for new trial. The trial court shall make findings of fact and conclusions of law which the trial court deems appropriate. The trial court shall transmit a transcription of the hearing to this court along with the findings of fact and conclusions of law within forty-five days of the date of this opinion.