**Ex parte Leonel Torres HERRERA.**

**No. 12848–06.**

Court of Criminal Appeals of Texas,
En Banc.

May 11, 1993.

Robert L. McGlasson, Phyllis L. Crocker, Austin and Mark Evan Olive, Tallahassee, FL, for appellant.

Luis V. Saenz, Dist. Atty., Brownsville, Robert S. Walt, Asst. Atty. Gen., and Robert Huttash, State's Atty., Austin, for the State.

## ORDER

PER CURIAM.

Applicant has filed a "Request for Leave to File Original Application for Writ of Habeas Corpus and/or Request to Suspend the Rule 31, Rules of Appellate Procedure, Time Limits for Filing Motion for New Trial and Motion to Stay Execution." Upon due consideration, leave to file the instant original action is denied, applicant's request for this Court to suspend the Rules of Appellate Procedure under Tex.R.App.Pro., Rule 2(b) is denied and the request for a stay of execution is denied.

IT IS SO ORDERED.

MALONEY, Judge, dissenting.

The Federal Constitution establishes the minimum safeguards available to every citizen accused of committing a crime. The execution of an innocent person is certainly repugnant to those principles implicit in the concept of ordered liberty protected by the Fourteenth Amendment to the Constitution of the United States. cf. *Herrera v. Collins*, — U.S. —, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993), reh'g denied, — U.S. —, 113 S.Ct. 1628, 123 L.Ed.2d 186.

The Texas Constitution provides similar safeguards and possibly safeguards even greater than the Federal Constitution. See, *Heitman v. State*, 815 S.W.2d 681 (Tex.Crim. App.1991).

The problem in this case and in other cases where evidence of innocence becomes known after the expiration of 30 days from final judgment, is that we do not have a structural mechanism under state law to enforce the protection afforded by the State and Federal Constitutions.

As Justice Blackmun, joined by Justices Stevens and Souter stated, in their dissent in *Herrera:*

### III

The Eighth and Fourteenth Amendments, of course, are binding on the States, and one would normally expect the States to adopt procedures to consider claims of actual innocence based on newly discovered evidence. See *Ford v. Wainwright*, 477 U.S. [399], at 411–417 [106 S.Ct. 2595, 2602–05, 91 L.Ed.2d 335 (1986) ] (plurality opinion) (minimum requirements for state-court proceeding to determine competency to be executed). The majority's disposition of this case, however, leaves the States uncertain of their constitutional obligations.

### A

Whatever procedures a State might adopt to hear actual innocence claims, one thing is certain: The possibility of executive clemency is *not* sufficient to satisfy the requirements of the Eighth and Fourteenth Amendments. The majority correctly points out: "A pardon is an act of grace." *Ante*, at 22 [— U.S. at —, 113 S.Ct. at 867]. The vindication of rights guaranteed by the Constitution has never been made to turn on the unreviewable discretion of an executive official or administrative tribunal. Indeed, in *Ford v. Wainwright*, we explicitly rejected the argument that executive clemency was adequate to vindicate the Eighth Amendment right not be executed if one is insane. 477 U.S., at 416 [106 S.Ct., at 2605]. The

possibility of executive clemency "exists in every case in which a defendant challenges his sentence under the Eighth Amendment. Recognition of such a bare possibility would make judicial review under the Eighth Amendment meaningless." *Solem v. Helm,* 464 [463] U.S. 277 303 [103 S.Ct. 3001, 3016, 77 L.Ed.2d 637] (1983).

"The government of the United States has been emphatically termed a government of laws, and not of men. It will certainly cease to deserve this high appellation, if the laws furnish no remedy for the violation of a vested legal right." *Marbury v. Madison,* [5 U.S.] 1 Cranch 137, 163 [2 L.Ed. 60] (1803). If the exercise of a legal right turns on "an act of grace," then we no longer live under a government of laws. "The very purpose of a Bill of Rights was to withdraw certain subjects from the vicissitudes of political controversy, to place them beyond the reach of majorities and officials and to establish them as legal principles to be applied by the courts." *West Virginia State Board of Education v. Barnette,* 391 [319] U.S. 624, 638 [63 S.Ct. 1178, 1185, 87 L.Ed. 1628] (1943). It is understandable, therefore, that the majority does not say that the vindication of petitioner's constitutional rights may be left to executive clemency.

### B

Like other constitutional claims, Eighth and Fourteenth Amendment claims of actual innocence advanced on behalf of a state prisoner can and should be heard in state court. If a State provides a judicial procedure for raising such claims the prisoner may be required to exhaust that procedure before taking his claim of actual innocence to federal court. See 28 U.S.C. § 2254(b) and (c). Furthermore, state-court determinations of factual issues relating to the claim would be entitled to a presumption of correctness in any subsequent federal habeas proceedings. See 28 U.S.C. § 2254(d).

Texas provides no judicial procedure for hearing petitioner's claim of actual innocence and his habeas petition was properly filed in district court under 28 U.S.C.

§ 2254. The district court is entitled to dismiss the petition summarily only if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." 28 U.S.C. § 2254 Rule 4. If, as is the case here, the petition raises factual questions and the State has failed to provide a full and fair hearing, the district court is required to hold an evidentiary hearing. *Townsend v. Sain,* 372 U.S. [293] at 313 [83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963) ].

The petitioner alleges that newly discovered evidence in this case seriously undermines confidence in the reliability of the judgment and he requests that this court submit this case on the issue of whether there should be a meaningful process for assessing post trial innocence evidence in Texas death penalty cases. He further urges this court to determine what that process should be and argues that if evidence does show innocence a statutory rule of court which infringes on that right should be deemed unconstitutional as applied. As part of his allegations he maintains that both the State and Federal Constitutions prohibit the execution of an innocent person, citing Article 1, section 13 and section 19 of the Texas Constitution.

Petitioner requests that we fashion a remedy based upon sound public policy.

For the above reasons I would stay petitioner's execution and order this case filed and set for briefing and oral argument on this issue.

BAIRD, J., joins this opinion and further believes the application should be filed and set for submission to consider the continued viability of *Ex parte Binder,* 660 S.W.2d 103, 106 (Tex.Cr.App.1983) (Newly discovered evidence "not a fit subject for the exercise of ... habeas corpus power.") in light of *Gonzales v. State,* 818 S.W.2d 756, 765 (Tex.Cr. App.1991) (Court of Criminal Appeals permitted to make "public policy" determinations on behalf of the State.).

CLINTON and OVERSTREET, JJ., join.