**Charles Mark TUFFIASH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–91–00698–CR.**

Court of Appeals of Texas, San Antonio.

March 30, 1994.

Supplemental Opinion Denying Reconsideration May 16, 1994.

Discretionary Review Refused Aug. 17, 1994.

Charles Mark Tuffiash, pro se.

Jim E. Lavine, Stanley G. Schneider, Houston, for appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and BIERY,[1] and LOPEZ, JJ.

## OPINION

LOPEZ, Justice.

Charles Mark Tuffiash (appellant) has filed a pro se motion to abate the appeal and remand the case to the trial court so that he may file an out-of-time motion for new trial. Fred Zain testified as the State's forensic serologist during appellant's trial. Appellant asserts that new evidence exists which raises serious questions of whether Mr. Zain gave perjured testimony during the Tuffiash trial and whether the State knew about such perjured testimony.

Appellant was indicted for murdering his former wife, Susan Tuffiash, by striking her with a hammer on February 28, 1990. The jury charge presented murder, aggravated assault, insanity, and self defense questions. A jury found appellant guilty of murder with a deadly weapon; the jury assessed punishment at thirty years incarceration. The trial court imposed sentence on September 16, 1991 in accordance with the jury findings.

The trial court imposed sentence on September 16, 1991. Consequently, the time for filing a motion for new trial has expired. *See* Tex.R.App.P. 31(a). In an appropriate case, for good cause shown, Rules 2(b) and 80(c) of the Texas Rules of Appellate Procedure allow this court to suspend requirements and provisions of any rule in a particular case on application of a party or on our own motion and may order proceedings in accordance with our direction. *Harris v. State*, 818 S.W.2d 231, 232 (Tex.App.—San Antonio 1991, no pet.). "This includes abating an appeal for an out-of-time motion for new trial." *Harris*, 818 S.W.2d at 232.

---

1. Justice Fred Biery not participating.

In considering this motion, we consider first whether the issue sought to be resolved can serve as a basis for post-conviction habeas corpus relief. *Harris,* 818 S.W.2d at 233. Post-conviction habeas corpus relief is not an appropriate remedy for an applicant whose claim for relief is based on newly discovered evidence. *Ex parte Binder,* 660 S.W.2d 103, 106 (Tex.Crim.App. 1983). When knowledge of perjurious testimony can be imputed to the prosecution, however, perjury may form the basis of post-conviction habeas corpus relief. *See, e.g., Ex parte Adams,* 768 S.W.2d 281 (Tex.Crim.App. 1989).

In the case at hand, it is not clear whether appellant would be able to obtain post-conviction habeas corpus relief if the allegations contained within his motion were proven true. First, there may or may not have been an improper investigation such as to deny due process. Second, it is not certain that Zain's perjurious acts would be imputed to the prosecutor. Zain testified that he was employed with the Bexar County Forensic Science Center which is the medical examiner's office. The Texas Court of Criminal Appeals has held that as a general rule, medical examiners are not considered "other law enforcement personnel" in the context of a hearsay objection relating to the preparation of autopsy reports. *Garcia v. State,* 868 S.W.2d 337, 342 (Tex.Crim.App.1993). However, whether forensic experts are part of the prosecution team for purposes of imputing knowledge was not before the court in *Garcia.* In perhaps a more analogous case, the court held in the context of a hearsay objection that Department of Public Safety chemists, analyzing physical evidence relevant to the prosecution of an aggravated sexual assault case, are law enforcement personnel. *Cole v. State,* 839 S.W.2d 798, 806 (Tex.Crim. App.1992).

Second, we consider the nature of the claim and determine whether the interests of justice are best served by allowing an out-of-time motion for new trial. *Harris,* 818 S.W.2d at 234.

Appellant raised the issue of self defense through his trial testimony: He testified that Susan stabbed him with a knife at least twice at his dental office. Appellant then grabbed a hammer and hit her twice. Appellant testified he then "went black" until he was standing in front of his neighbor's house. Susan Tuffiash was found by peace officers lying in a pool of blood on her back on the floor of an examining room at appellant's dental office with multiple wounds to the back and side of her head consistent with wounds inflicted with a claw hammer.

The State called Fred Zain as a witness. He testified that he was employed as chief forensic serologist by the Bexar County Forensic Science Center. He admitted that he was employed previously by the West Virginia Department of Public Safety. Zain testified to the following:

(1) he took custody of Susan's blood specimen and other evidence on March 1, 1990;

(2) he drew appellant's blood specimen;

(3) he tested Susan's blood, appellant's blood, a pair of pants, shirt, shoes, socks, a watch, shorts, knife, and hammer;

(4) he gave the results of the blood typing, protein sequencing and D.N.A. testing of the items tested; and

(5) he concluded whose blood was on which items tested.

The following was concluded by Zain regarding the identity of the blood:

(1) Susan's blood was on: the knife; the hammer; and Susan's sweater, shoes, soles of her shoes, and pants; and

(2) Appellant's blood was on: Susan's shoes and pants; and appellant's pants, shirt, and shoes; and paper towels.

Zain stressed that he can definitely say the blood found on the knife was not appellant's blood. Additionally, the blood on appellant's clothing and paper towels could not have been Susan's blood. Finally, Zain testified that no blood stains were a mixture of appellant's and Susan's blood.

This is not a case where the identity of the killer is at issue. Indeed the appellant admitted hitting his wife in the head with a hammer. The evidence raised the issues of: (1) appellant's mens rea at the time of the killing; and (2) whether the killing was justified because of self defense or insanity.

Fred Zain's testimony was relevant to appellant's defenses. We find that the interest of justice would be served by allowing an out-of-time motion for new trial.

Finally, we consider whether appellant has shown good cause for suspension of the rules. *Harris,* 818 S.W.2d at 234. Appellant was sentenced September 16, 1991. Appellant's motion was filed with this court on December 21, 1993. In his motion, appellant references *In re W. Va. State Police Crime Lab., Serology Div.,* 190 W.Va. 321, 438 S.E.2d 501 (1993) which opinion was filed November 10, 1993. Through his motion, appellant asserts that the findings of fact and conclusions of law of the West Virginia Supreme Court evidence a high probability that Zain perjured himself and tampered with the documents and evidence of his trial. We recognize the findings of the West Virginia Supreme Court and note that Zain's testimony at the Tuffiash trial was of the type which was discredited. According to these facts, we find appellant has shown good cause.

Accordingly we grant appellant's motion. This appeal is abated and remanded to the trial court so that appellant may file an out-of-time motion for new trial based on newly discovered evidence. Consequently, this order reinstates jurisdiction in the trial court and returns appellant to the stage of the proceeding before the imposition of sentence and the filing of the notice of appeal. *Vera v. State,* 868 S.W.2d 433, 436 (Tex.App.—San Antonio, 1994, n.w.h.); *Vera v. State,* 836 S.W.2d 344, 348 (Tex.App.—Amarillo 1992, no pet.). If the trial court denies the motion for new trial, the sentence must be reimposed and appellant, if he wishes to appeal any aspect of the case, must start the appeal process anew. *Id.* We instruct the trial court, however, that nothing in this opinion is intended as guidance concerning how the trial court should rule on a motion for new trial.

## SUPPLEMENTAL OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

The State has filed a petition for discretionary review in which it asserts that the petition should be granted because our opinion abating this appeal and allowing an out-of-time motion for new trial decides an important question of state law in conflict with the applicable decisions of the court of criminal appeals. *See* TEX.R.APP.P. 200(c)(3). Specifically, the State urges that we erred in holding that appellant's claims of newly-discovered evidence and perjury are not cognizable in a post-conviction writ of habeas corpus proceeding. The State complains that this holding is contrary to the court of criminal appeals' opinions in *Ex parte Binder,* 660 S.W.2d 103 (Tex.Crim.App.1983), *State ex rel. Holmes v. Third Court of Appeals,* Nos. 71,764 & 71,765, 1994 WL 135476 (Tex.Crim. App., April 20, 1994), and *Ex parte Castellano,* 863 S.W.2d 476 (Tex.Crim.App., 1993).

We acknowledge that we did state, in reliance on *Ex parte Binder,* that a claim of newly-discovered evidence is not cognizable in a post-conviction habeas proceeding. In *State ex rel. Holmes,* which was issued subsequent to our order, the court of criminal appeals overruled *Binder* to the extent that *Binder* conflicted with its holding in *Holmes. See State ex rel. Holmes,* slip op. at 15. Contrary to the State's assertion, *Holmes* did not constitute a wholesale overruling of *Binder,* nor did it create a blanket rule that claims of newly-discovered evidence *are* cognizable on habeas corpus.

The specific holding in *Holmes* was that a claim of newly discovered evidence is cognizable in a habeas proceeding if the applicant claims that his execution without consideration of new evidence of actual innocence would violate federal due process. *Holmes,* slip op. at 14–15. It is not certain to what extent claims of newly-discovered evidence may be cognizable in other contexts. Further, *Holmes* created a very high threshold showing of innocence and an extremely difficult burden of proof for a habeas applicant raising newly-discovered evidence. *See Holmes,* slip op. at 16–18. We are still not convinced that, even under *Holmes,* appellant's claim of newly-discovered evidence will be cognizable on habeas corpus.

Concerning the asserted conflict with *Ex parte Castellano,* we note that we did *not* hold that Zain was or was not a member of

the prosecution team. We simply acknowledged that the issue is not clear and that the court of criminal appeals has not directly addressed it.

Finally, the basic premise of the State's petition for discretionary review is flawed. The State asserts that if appellant's claims are cognizable in post-conviction habeas corpus proceedings, we are precluded from abating the appeal and allowing an out-of-time motion for new trial. Neither the language of rule 2(b) of the rules of appellate procedure nor the holding of *Harris v. State*, 818 S.W.2d 231 (Tex.App.—San Antonio 1991, no pet.), is so restrictive. In *Harris* we stated that whether a claim can serve as a basis for post-conviction habeas corpus relief is *a factor to be considered. Id.* at 233. We did not hold that it is dispositive or that availability of post-conviction relief precludes the exercise of our discretion under rule 2(b). Indeed, we do not read rule 2(b) as containing any such restriction. The language of that rule, that we may suspend the requirements of any rule for "good cause," encompasses the exercise of our discretion in the interest of justice and judicial economy.[2]

For the reasons stated in our original opinion, and in the interest of justice and judicial economy, we decline to reconsider or modify that opinion. *See* TEX.R.APP.P. 101.

---

**2.** If there is merit to appellant's contentions, hearing and granting a motion for new trial at this point is certainly more efficient than requiring this court and the court of criminal appeals to consider an incomplete appeal, then requiring appellant to seek post-conviction relief (which again taxes the resources of the court of criminal appeals) to obtain a new trial many years from now. If there is no merit to appellant's contentions, it is also most efficient to establish that fact now and allow it to be raised on direct appeal following the denial of the motion for new trial. We stress that we take this position only in cases where the failure to raise the issue in a timely motion for new trial was not due to appellant's lack of diligence.