IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-04,121-08, WR-04,121-09






EX PARTE BILLY FREDERICK ALLEN, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

FROM CAUSE NOS. F83-85579-HN AND F83-86548-KN IN THE 195TH
JUDICIAL DISTRICT COURT OF DALLAS COUNTY




 Per curiam. O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of two charges of murder, and punishment was assessed at ninety-nine years confinement. Applicant's convictions were affirmed on appeal. Allen v. State
Nos. 05-83-01297-CR, 05-83-01298-CR (Tex. App. --Dallas, delivered February 7, 1985,
pet. ref'd.).

 Applicant has filed numerous writs challenging these convictions. The first writ, filed
in October, 1984 raised newly discovered evidence of innocence as its sole ground for
review. That writ was denied without written order on January 9, 1985. Under the law at
that time, actual innocence based on newly discovered evidence was not the proper subject
of habeas review. See Ex parte Binder, 660 S.W.2d 103 (Tex. Crim. App. 1983). This was
true until Binder was overruled by Ex parte Elizondo, 947 S.W.2d 202, 205 (Tex. Crim. App.
1996).

 Applicant filed a second writ challenging these convictions in April of 1993. In his
second writ, Applicant claimed, inter alia, that trial counsel was ineffective for failing to
raise evidence discovered just after trial in his motion for a new trial. The trial court held a
hearing on Applicant's claims, and recommended granting a new trial "in the interest of
justice." Because the trial court made no specific findings with respect to counsel's
effectiveness, this Court remanded the matter to the trial court for specific findings as to
whether counsel's performance was deficient, and whether but for counsel's alleged errors,
the result of the proceedings would likely have been different. 

 After remand, the trial court entered supplemental findings, finding that counsel could
have discovered the evidence in question before trial through the exercise of reasonable
diligence. However, because counsel did not discover the evidence prior to trial, the court
found that counsel was correct in assuming that the motion for a new trial would not have
been granted on the basis of the newly discovered evidence. Therefore, the trial court found 
that counsel was not ineffective for failing to raise the newly discovered evidence in the
motion for a new trial. On January 25, 1995 this Court denied Applicant's writ on the
findings of the trial court after a hearing. On July 31,1996, this Court dismissed another
application challenging this conviction as a subsequent application. 

 The instant writ is Applicant's first writ filed after this Court handed down a decision
in Ex parte Elizondo, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996). In Elizondo this Court
held for the first time that claims of actual innocence in a non-capital case are cognizable by
a court in a post-conviction habeas corpus proceeding. Because Applicant's prior actual
innocence claims were denied at a time when such claims were not cognizable on habeas
review, this Court does not believe that Applicant's claim is barred by Section 4. 

 Applicant now asks for consideration of this subsequent application, relying on his
actual innocence claim as a "procedural gateway." See Elizondo, 947 S.W.2d at 208 ("If a
petitioner . . . presents evidence of innocence so strong that a court cannot have confidence
in the outcome of the trial unless the court is also satisfied that the trial was free of
non-harmless constitutional error, the petitioner may pass through the gateway and argue the
merits of his underlying claims.").

 The trial court again recommends granting Applicant a new trial, but again makes no
specific findings as to the basis for this recommendation. Therefore, it is this Court's view
that it is necessary for the matter to be remanded to the trial court for resolution of these
issues. The trial court may resolve those issues as set out in Tex. Code Crim. Proc. art.
11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories, or it may order
a hearing. In the appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether trial counsel was
ineffective for failing to discover the evidence of an alternate perpetrator before trial, or in
the alternative, to move for a continuance when Officer Clary testified at trial that other
people were present in the ambulance when the victim named his assailant. If the court finds
that counsel was not ineffective, the court shall state the legal basis for its recommendation
of granting a new trial. The trial court shall also make findings as to whether the "newly
discovered" evidence of innocence is so strong that the court cannot have confidence in the
outcome of the trial. The court shall also make any further findings of fact and conclusions
of law it deems relevant and appropriate to the disposition of the application for writ of
habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within ninety days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred and twenty days of the date of this
order. (2)


 IT IS SO ORDERED THIS THE 7th DAY OF DECEMBER, 2005.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.