

IN THE
TENTH COURT OF APPEALS

———————————

No. 10-12-00075-CR

ANDREW ROBERTS, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

———————————

From the 54th District Court
McLennan County, Texas
Trial Court No. 2002-979-C

MEMORANDUM OPINION

Appellant, Andrew Roberts Jr., complains about the trial court's denial of his

"Out of Time Motion for New Trial," which was filed on February 9, 2012. In this

motion, appellant challenged his July 23, 2003 conviction for aggravated robbery,

asserting a claim of actual innocence based on newly discovered evidence—namely, an

allegation that one of the witnesses at trial, Rodrigo Barnes, gave perjured testimony.[1]

---

[1] This is not the first time appellant has attempted to challenge his 2003 conviction. *See Roberts v. State*, No. 10-03-00260-CR, 2004 Tex. App. LEXIS 9550 (Tex. App.—Waco Oct. 27, 2004) (mem. op., not designated for publication), aff'd, 221 S.W.3d 659 (Tex. Crim. App. 2007). Furthermore, appellant has not indicated that he has filed a petition for the writ of habeas corpus in the Texas Court of Criminal Appeals.

On June 26, 2012, this Court sent appellant a letter questioning our jurisdiction.

In our letter, we noted the following:

> Also included in the file in this case is a copy of appellant's "Out of Time Motion for a New Trial." In that motion, appellant, relying on a case that has since been overruled, states that "[p]ost-conviction habeas corpus relief is not an appropriate remedy for an applicant whose claim for relief is based on newly discovered evidence." *Ex parte Binder*, 660 S.W.2d 103, 106 (Tex. Crim. App. 1983), *overruled by State ex rel. Holmes v. Court of Appeals*, 885 S.W.2d 389, 396-98 (Tex. Crim. App. 1994). Texas courts have held that "[c]laims of actual innocence based on newly discovered evidence are cognizable on post-conviction writs of habeas corpus." *Ex parte Mello*, 355 S.W.3d 827, 830 (Tex. App.—Fort Worth 2011, pet. ref'd) (citing *Ex parte Brown*, 205 S.W.3d 538, 544 (Tex. Crim. App. 2006); *Ex parte Elizondo*, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996)). In fact, Texas recognizes two type of "innocence claims": a substantive claim—a *Herrera* claim—in which the person asserts a "bare claim of innocence" based solely on newly discovered evidence and a *Schlup* claim, which is a claim that "does not by itself provide a basis for relief," but is intertwined with constitutional error that renders a person's conviction constitutionally invalid. *Ex parte Brown*, 205 S.W.3d at 544-45 (citing *Ex parte Tuley*, 109 S.W.3d 388, 390 (Tex. Crim. App. 2002); *Schlup v. Delo*, 513 U.S. 298, 314-15, 115 S. Ct. 851, 860-61, 130 L. Ed. 808 (1995)); *see Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed. 203 (1993).

> Moreover, the Texas Court of Criminal Appeals has held that the exclusive post-conviction remedy in final felony convictions in Texas courts is through a petition for writ of habeas corpus filed pursuant to article 11.07 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *see Olivo v. State*, 918 S.W.2d 519, 528 n.8 (Tex. Crim. App. 1996). And furthermore, only the Texas Court of Criminal Appeals has jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).

> Because appellant brings a *Herrera* claim of actual innocence based on newly discovered evidence, and because his felony conviction for aggravated robbery is final, it appears as if appellant's complaints should be brought in a petition for writ of habeas corpus directed at the Texas Court of Criminal Appeals, rather than a direct appeal filed in this Court. *See Ex parte Brown*, 205 S.W.3d at 544-45; *see also Ex parte Mello*, 355 S.W.3d

at 830. And as such, we question whether we have jurisdiction over appellant's direct appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *see also Olivo*, 918 S.W.2d at 528 n.8; *Bd. of Pardons & Paroles ex rel. Keene*, 910 S.W.2d at 483; *Ater*, 802 S.W.2d at 243.

Appellant is thus notified that this case is subject to dismissal because we appear to lack jurisdiction to consider this appeal.

Therefore, the Court will dismiss the appeal unless, within 21 days from the date of the letter, a response is filed showing grounds for continuing the appeal.

On July 18, 2012, appellant responded to our June 26, 2012 letter. In his response, appellant asserts, without evidentiary support, that we have jurisdiction over this matter because there is "good cause" to suspend all applicable rules based on his allegation that he was not appointed counsel "until over 30 days after sentencing." Further, in support of this contention, appellant relies heavily on the San Antonio Court of Appeals' decision in *Tuffiash v. State*, 878 S.W.2d 197, 200 (Tex. App.—San Antonio 1994, pet. ref'd) (granting appellant's motion to abate appeal and remand to the trial court to file an out of time motion for new trial based on newly discovered evidence where appellant demonstrated that one of the State's witnesses had committed perjury).

We find appellant's reliance on *Tuffiash* to be misplaced. Notwithstanding the fact that *Tuffiash* is not binding authority on this Court, we note that, at the outset of their analysis in *Tuffiash*, the San Antonio Court of Appeals analyzed "whether the issue sought to be resolved can serve as a basis for post-conviction habeas corpus relief." *Id.* at 199. In concluding that "it is not clear whether appellant would be able to obtain post-conviction habeas corpus relief if the allegations contained within his motion were proven true," the *Tuffiash* court relied on *Ex parte Binder*, a case which has since been

overruled, and acknowledged that "[w]hen knowledge of perjurious testimony can be imputed to the prosecution, however, perjury may form the basis of post-conviction habeas corpus relief." *Id.* (citing *Ex parte Adams*, 768 S.W.2d 281 (Tex. Crim. App. 1989); *Ex parte Binder*, 660 S.W.2d 103 (Tex. Crim. App. 1983)). And, since *Tuffiash*, the Texas Court of Criminal Appeals has explicitly held that "[c]laims of actual innocence based on newly discovered evidence are cognizable on post-conviction writs of habeas corpus." *Ex parte Mello*, 355 S.W.3d at 830. Therefore, in light of the foregoing, we do not find *Tuffiash* to be persuasive in this matter.

As stated in our June 26, 2012 letter, the claims contained in appellant's "Out of Time Motion for New Trial" are essentially *Herrera* claims of actual innocence based on newly discovered evidence, which are "cognizable on post-conviction writs of habeas corpus." *See Ex parte Brown*, 205 S.W.3d at 544-45 (citing *Herrera*, 506 U.S. at 390, 113 S. Ct. at 853); *see also Ex parte Mello*, 355 S.W.3d at 830. And because the Texas Court of Criminal Appeals has jurisdiction over post-conviction writs of habeas corpus in felony cases, we lack jurisdiction over this matter.[2] *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Olivo*, 918 S.W.3d at 528 n.8; *Bd. of Pardons & Paroles ex rel. Keene*, 910 S.W.2d at 483; *Ater*, 802 S.W.2d at 243. Accordingly, we dismiss this appeal for want of jurisdiction.[3]

---

[2] We also note that appellant has not demonstrated that the trial court certified his right to appeal the ruling on his "Out of Time Motion for New Trial."

[3] Appellant has also filed a motion for extension of time to file the record and a motion for appointment of counsel. In light of our opinion, we dismiss all pending motions as moot.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Dismissed
Opinion delivered and filed August 2, 2012
Do not publish
[CR25]