NO. PD-1196-15/1197-15

In The Court of Criminal Appeals

Of

Texas

Evan Stuart Fairbanks, Petitioner

Vs.

State of Texas, Respondent

On Petition from the 177th District Court of

Harris County, Texas

Trial Court Cause Nos. 1388074, 1388075

First Court of Appeals Cause Nos. 01-14-00124-CR; 01-14-00125-CR

Petition for Discretionary Review

**Connie B. Williams**
**1314 Texas, Suite 710**
**Houston, Texas 77002**
**713-225-3700**
**713-225-3140-Fax**
**Cbw1710@hotmail.com**

RECEIVED IN
COURT OF CRIMINAL APPEALS

October 8, 2015

ABEL ACOSTA, CLERK

**ATTORNEY FOR PETITIONER**

**Petitioner Waves Oral Argument**

1

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the Trial Court's final judgment as well as the names and addresses of all trial and appellate counsel.

**Parties**                                     **Counsel**

**State of Texas**                              **Erik Locascio**
                                                **Assist. District Attorney**
                                                **1201 Franklin St., Suite 600**
                                                **(713) 755-5826**

**Evan Stuart Fairbanks**                       **Connie B. Williams**
                                                **1314 Texas, Suite 710**
                                                **Houston, Texas 77002**
                                                **(713) 225-3700**

**Appellate Counsel**

**Evan Stuart Fairbanks**                       **Connie B. Williams**
                                                **1314 Texas, Suite 710**
                                                **Houston, Texas 77002**
                                                **(713) 225-3700**

**State of Texas**                              **Erik Locascio**
                                                **District Attorney's Office**
                                                **1201 Franklin St., Suite 600**
                                                **Houston, Texas 77002**
                                                **(713) 755-5826**

**TABLE OF CONTENTS**

**Page**

**Identity of Parties & Counsel** …………………………………………02

**Index of Authorities** …………………………………………………03

**Statement Regarding Oral Argument** ……………………………..04

**Statement of the Cases**………………………………….…04

**Statement of Procedural History** ……………………………………04

**Grounds for Review** ……………………………………………….05

1. The Court of Appeals decision conflicts with the Texas Court of Criminal Appeals opinion in *Oldham v. State,* 977 S.W. 2d 354, 360 (Tex. Crim. App. 1998)

2. Abatement is authorized under T.R.A.P. Rule 43.6.

**Argument** …………………………………………………………05

**Prayer** …………………………………………………………..08

**Certificate of Compliance** ………………………………………..08

**Certificate of Service** …………………………………………..09

**Appendix** …………………………………………………………10

**INDEX OF AUTHORITIES**

**Cases**                                                                  **Page**

*Jack v. State,* 149 S.W. 3d 119 (Tex. Crim. App. 2004)……………….……05

*Oldham v. State,* 977 S.W. 2d 354 (Tex. Crim. App. 1998)…………..06

**Rules**

**T.R.A.P. Rule 2** …………………………………………………….6, 7

**T.R.A.P. Rule 43.6** …………………………………………………5, 6, 7

## STATEMENT REGARDING
## ORAL ARGUMENT

**Petitioner Waives Oral Argument**

## STATEMENT OF THE CASES

These are controlled substances cases in which Petitioner, upon the erroneous advice of trial counsel, pled guilty. (C.R. pg. 29) (In this petition C.R. designates Clerk's Record and R.R. designates Reporter's Record). Petitioner filed a motion to withdraw guilty plea, (C.R. pg. 39) a Motion for New Trial, (C.R. pg. 53), and an amended Motion for New Trial (C.R. pg. 71). The motions were denied by the trial court.

## STATEMENT OF PROCEDURAL HISTORY

The First Court of Appeals affirmed Petitioner's convictions by a memorandum opinion issued July 28, 2015.

Petitioner filed a Motion for Rehearing on August 11, 2015. Petitioner's Motion for Rehearing was denied on August 19, 2015. Petitioner sought and was granted an extension to file his petition for discretionary review.

## GROUNDS FOR REVIEW

1. The Court of Appeals decision conflicts with the Texas Court of Criminal Appeals opinion in *Oldham v. State,* 977 S.W. 2d 354, 360 (Tex. Crim. App. 1998).

2. Abatement is authorized under T.R.A.P. Rule 43.6.

## ARGUMENT

The Court of Appeals fails to explain how Rule 43.6 TRAP, and the Court of Criminal Appeals statement in *Oldham v. State, infra*, is **not** authority to abate the appeals under the specific facts of these cases.

The Court's reliance on *Jack v. State,* 149 S.W. 3d 119 (Tex. Crim. App. 2004) is misplaced.

The *Jack v. State,* trilogy, 42 S.W. 3d 291 (Tex. App. – Houston [1st Dist.] 2001); 64 S.W. 3d 694 (Tex. App. Houston [1st. Dist.] 2002) and 149 S.W. 3d 119 (Tex. Crim. App. 2004) **disavowed this abatement of an appeal to allow the defendant the opportunity to rebut the rebuttable presumption that he was effectively represented by trial counsel when defendant let the 30 day period to file a motion for a new trial lapse without filing a motion.**

The Court of Criminal Appeals in *Jack v. State, supra*, albeit in *judicial dictum,* criticized the "double abatement" procedure used in *Jacks I & II.*

The facts in this case are clearly distinguishable from the facts in *Jack.* Here the Petitioner was represented by counsel, timely filed a motion for new trial and was having a hearing on his motion for new trial.

The abatement sought in these cases is solely to obtain the testimony of trial counsel, and is not a general trolling for evidence, and does not establish a new appellate procedure.

Petitioner is relying on Rule 43.6 TRAP in seeking the abatement of these cases.

The Texas Court of Criminal Appeals in *Oldham v. State,* 977 S.W. 2d 354 (Tex. Crim. App. 1998) states at page 360:

"… We should not be understood as restricting a court of appeals power to abate an appeal and remand a case under authority other than Rule 2(b). When judicial resources can be conserved in the interest of justice, we encourage the courts of appeals to adopt and continue to use methods for resolving issues **sooner rather than later** as long as such methods are legally endorsed …" (Emphasis Added). The current Rule 2 T.R.A.P. does not preempt abatement in this case "to expedite a decision".

The Court of Criminal Appeals in *Oldham v. State,* supra, at page 360 note 4 referenced an argument made in *Tuffiash v. State,* 878 S.W. 2d 197, 201 n 2. (Tex. App. - San Antonio 1994).

The reference note argument is apropos to Petitioner's motion to abate and states:

"2. If there is merit to Appellant's contentions, hearing and granting a motion for new trial at this point is certainly more efficient than requiring this court of criminal appeals to consider an incomplete appeal, then requiring appellant to seek post-conviction relief (which again taxes the resources of the court of criminal appeals) to obtain a new trial many years from now. If there is no merit to appellant's contentetion, it is also most efficient to establish that fact now and allow it to be raised on direct appeal following the denial of the motion for new trial. We stress that we take this position only in cases where the failure to raise the issue in a timely motion for new trial was not due to appellant's lack of diligence."

Again Petitioner's motions to abate are sought under the authority of TRAP Rule 43.6 and **not** under Rule 2, although the current version of Rule 2 does not preempt Petitioner's request to abate.

Abatement of these appeals is within both the letter and spirit of the *Oldham* mandate of "resolving issues sooner than later."

The Texas Supreme Court has held with respect to the appellate rules in *Lone Star Gas v. Railroad Conm'n,* 767 S.W. 2d 709, 710 (Tex. 1989) (*per curiam):*

7

"… The rules do mandate full consideration of all issues raised to move the case as far as possible toward final disposition…"

## PRAYER FOR RELIEF

Wherefore, Petitioner prays that the Court abate these appeals and remand these cases to the trial court and to direct the trial court to take whatever action it deems necessary or appropriate to have former trial counsel, *Jill Rekoff* appear and testify regarding Petitioner's motion for new trial allegation of ineffective assistance of counsel.

Respectfully submitted,

/s/ Connie B. Williams
Connie B. Williams
1314 Texas, Suite 710
Houston, Texas 77002
713-225-3700
713-225-3140-Fax
Cbw1710@hotmail.com
TBN 21521500
ATTORNEY FOR PETITIONER

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 9.4 (i) TRAP, I hereby certify that the foregoing Petition for Discretionary Review contains 1262 words.

/s/ Connie B. Williams
Connie B. Williams

**CERTIFICATE OF SERVICE**

This is to certify that on October 7, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Harris County, Texas by facsimile transmission to 713-755-6865.

/s/ Connie B. Williams
Connie B. Williams

# APPENDIX

## First Court of Appeals

## Memorandum Opinion issued July 28, 2015