WS,555-20

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas
77705-7638

11/19/15

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 30 2015

Abel Acosta, Clerk

The Honorable Justices of
Texas Court of Criminal Appeals
c/o Abel Acosta, Clerk
P.O. Box 12308
Capitol Station
Austin, Texas 78711-2308

Ref.: Cause Number, WR-65,555-20; In Re Alex Melvin Wade, Jr., in the
185th Judicial District Court, Harris County, Texas Cause Number:
1222385-D
APPLICANT ALEX MELVIN WADE, JR."S STRENUOUSLY OBJECT AND RESPOND
TO STATE'S ORIGINAL ANSWER FILED 11/05/15, IN THE 185th JUDICIAL
DISTRICT COURT, HARRIS COUNTY, TEXAS

To the Honorable Justice of said Court:

Enclosed herewith please find copy of the above entitled pleading, the original
filed in the 185th Judicial District Court, Harris County, Texas and the same
deposited in the "Prison Mailbox," at Mark W. Stiles, 3060 FM 3514, Beaumont,
Texas 77705-7638 on November 17th, 2015, mailed to the Office of the Honorable
Chris Daniel, Clerk, Harris County, Texas 77002. Applicant forwarded a copy
to the Office of Devon Anderson, District Attorney, c/o Farnaz Faiaz, Assistant
District Attorney, 1201 Franklin, 6th Fl., Houston, Texas 777002.

On November 13th, 2015, this Applicant received a copy (two) of the State's
Original Answer filed on November 5th, 2015, one from the Office of Chris Daniel,
Clerk, Harris County, Texas and the other from the Office of Devon Anderson,
Harris County, Texas District Attorney, signed Farnaz Faiaz, Assistant District
Attorney, where the State's Original Answer depict to cause the habeas corpus
record circumvented making it appear this Applicant filed two pleadings, one,
original writ application and two, an amended writ application. When it knew,
as that Office filed on March 11th, 2015, via., of Andrew Smith, Assistant
District Attorney, State's Motion Requesting Designation of Issue and State's
Proposed Order Designating Issue. (Attached to the pleading attached hereto
named in the above entitled captioned cause.)

On November 19th, 2015, Applicant with the assistance of a member of his family
went online to the Office of Chris Daniel's website searching cause number
1222385-D, where it was discovered the Applicant filing appear to be labeled
Exhibits and upon opening of the folders, the record appear to be incomplete.
Nevertheless, this Court's Order of November 4th, 2015 make it clear the
habeas corpus record can satisfy what this deems relevant issue regarding
issuance of a mandamus. The record incomplete will cause this Applicant be
denied "due process of law," if this Court is not accorded a complete habeas
corpus to make the determination as to whther the 180 days has elasped and
whether applicant has filed a writ of habeas corpus.

Texas Court of Criminal Appeals
To the Honorable Justice of Said Court
c/o Abel Acosta, Clerk
page two (2)
November 19th, 2015

Since, it appear from the State's Original Answer dated 11/05/15 and the State's Motion Requesting Designation of Issue filed 03/11/14 some 18 months ago. The State is again attempting the cause the record be manipulated making it appear Applicant has not filed any other pleadings other than the pleadings listed in its State's Original Answer, Original Application for writ of habeas corpus and an amended writ of habeas corpus, when in fact Applicant has filed with the Office of Chris Daniel, Clerk of Harris County, Texas with just exhibits along over 150 pages. (Applicant filed an amended writ application on November 17th, 2015, in cause number WR-65,555-23, a copy of the partial clerk's record, where Applicant filed in the above entitled cause in the Office of Chris Daniel, Clerk of Harris County, Texas a copy of the same, with other portions of the Clerk's Record Vol. 1 of 2 & 2 of 2, along is over 150 pages.)

Applicant's Opposition with strenuous objection has not been filed in bad faith because it is feared the State will again succeed in causing the record manipulated to appear as it want it to appear.

Applicant issue of actual innocence, mount a credible claim of innocence, this Applicant's habeas corpus record will demonstrate constitutional error with the reliable evidence that is critical physical evidence. - that was not presented at trial. It is understood for this Court to determine whether applicant has satisfied the burden, it must make a holistic evaluation of all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial. Finally, this Court must then decide how reasonable jurors, who were properly instructed, would react to the overall, newly supplemented record. This Court keeping in mind, the evidence, testimony of State's key witnesses, that it was not as alleged in the indictment, the complainant, Western World Insurance Group (Vol. 2 of 2, pg. 23 ln 13-24, CR-00328) where the complaint used by the State was a complaint dismissed against Applicant. The result the indictment is invalid.

As such, Applicant present to this Court the above entitled pleading, that specifically objects to State's Original Answer filed 11/05/15 in the 185th Judicial District Court of Harris County, Texas that alleges Applicant filed only two pleading, respectively.

Respectfully submitted,

Dr. Alex Melvin Wade, Jr.
Pro Se

cc:
 Farnaz Faiaz,
 Assistant District Attorney
 Harris County, Texas
 1201 Franklin Street, 6th Fl.
 Houston, Texas 77002

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas
77705-7638


November 17th, 2015

Leslie Hernandez, Deputy
c/o Chris Daniel, Clerk
Harris County, Texas District Courts
1201 Franklin Street, 6th Floor
Houston, Texas 77002

   Ref.: Cause No. 1222385-D, In the 185th Judicial District Court, Harris County, Texas
         Presiding the Honorable Susan Brown,
         Applicant's Motion Strenuously objecting and response to State's Original Answer
         filed November 5th, 2015.

Dear Ms. Hernandez:
Enclosed herewith please find the original copy of the above entitled pleading. Please have
this pleading stamped filed along with the copy of Exhibit "A" 1-4, Motion Requesting Designa-
tion of Issue and Proposed Order Designating Issue filed by Andrew Smith, Assistant District
Attorney, Harris County, Texas. Upon completion of the above request, have these documents
made part of the record in the above entitled cause and attach the same specifically to the
State's Original Answer so that the same can be addressed by the Court as an objection thereto.

In my experience with these matters, where a State's Original Answer has been filed the Order
supporting the Answer is filed and signed by the habeas corpus judge. That Order is immediately
forwarded to the Court of Criminal Appeals before a response can be made to the State's Original
Answer. If that be the case in this matter, please forward this pleading objecting to the State's
Original Answer to the Court of Criminal Appeals, with the following cause number be made a part
thereof, WR-65,555-20, in the matter of In Re: Alex Melvin Wade, Jr.,

I have by copy of this letter to the Office of Devon Anderson, District Attorney, c/o Farnaz
Faiaz, Assistant District Attorney, 1201 Franklin Street, 6th Floor, Houston, Texas 77002.

I thank you very kindly for your attention in the handling of this matter.

I await your reply as in your usual manner.

Sincerely,

Dr. Alex Melvin Wade, Jr.
Attorney of Record


cc:

   Farnaz Faiaz,
   Assistant District Attorney
   c/o Devon Anderson, District Attorney
   Harris County, Texas
   1201 Franklin Street, 6th Floor
   Houston, Texas 77002

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

Cause No.: 1222385-D

EX PARTE                                 ⟩     IN THE 185th DISTRICT COURT

                                         ⟩     OF

ALEX MELVIN WADE, JR.,              ⟩     HARRIS COUNTY, T E X A S
        Applicant.

APPLICANT ALEX MELVIN WADE, JR.,'s STRENUOUSLY OBJECT IN THIS HIS
RESPONSE TO STATE"S ORIGINAL ANSWER NOVEMBER 5th 2015

TO THE HONORABLE JUDGE OF SAID COURT:

Applicant Alex Melvin Wade, Jr., pro se files this his Strenously objection

and Response to State's Original Answer dated November 5th, 2015 for good cause

as in the following:

I.

Applicant strenously object to State's Original Answer dated November 5th,
*
2015, page two (2) of the Original Answer three(3) paragraph of that section

of the answer.

State contends applicant fourth application for writ of habeas corpus,

cause number 1222385-D, on Februaryy24th, 2014. The applicant filed an amended

application in the instant proceeding on March 26th, 2014.

State has failed and on in an attempt to once again make the record appear

other than the actual record should appear. This is to say, Applicant has filed

along with the writ application and the amended application an aray of memoran-

dums with evidence in support. Specifically, applicant alleges that he is

"actuallyinnocence of the offense for which he is charged because there is no

complainant.

---

* Rec'd on 11/13/15, at Mark W. Stiles.

Applicant has presented to the habeas corpus court a copy of the Clerk's Record in 1222385, prepared by Salinas on June 18th, 2010 to the Court of Appeals. In that Record Applicant claim of actual innocence is clear, that is to say, there is no complainant, CR-00004, the complaint used by the State to acquire the indictment is a complaint that was dismissed against Applicant in cause number 1116862. The Clerk's Record is saturated with record if not the entire record from the dismissed indictment 1116862. Further applicant has presented the Statement of Facts, which is part of the Clerk's Record where the State's Chief Witness, Eitan Price, CR-00328, testified that there was no complaint filed as alleged in the indictment that it is Western World Insurance Group that is the complainant. Therefore, the State failed to meet its burden, that is it fail to prove the name alleged in the indictment that is Western World Insurance Group was the complainant. CR-00002[1.]

Further Applicant list a line of filing the District Attorney's Office has not acknowledged as part of the record.

1. Under cover letter dated February 14th, 2014 a list of documents submitted to the Clerk's Office to be filed and copy sent to the Office of Devon Anderson, among those documents, Exhibit "A" thru "S", in the Clerk's Record 00036-00054, Affidavit of Ken Cash, of Capital One labeled Capital One Exhibit "A," Capital One, Exhibit "A3," Exhibit "A4," Applicant Exhibit "7" a copy of the contract entered between Applicant and Capital One, attached thereto, Applicant Exhibit Z1, the copy of the actual deposit slip and Exhibit "Z2" a copy of the draft deposited with Capital One to be sent for collection.

(A) The evidence was suppressed by the State regarding Capital One, which

---

1. The State's Original Answer do not mention the State's Motion to Designate Issue and Proposed Order Designating Issue filed on March 11th, 2014.

is exculpatory and impeachment evidence used property by trial counsel, Lawrence Cerf, would have shown the State's Chief Witness, Michael Coulter's testmony was prejuried testimony and the State's Exhibit "@," was a false copy of the deposit slip which was made by the Bank to make it appear there was no actual deposit made by Applicant. This evidence will show that used properly and presented before a jury, a fact finder would not have found this Applicant guilty of attempted theft.

2. Applicant presented under cover letter date February 14th, 2014, a memorandum brief in support of the writ application. The Court of Appeals without review of that evidence would be a blanant denial of due process of law regarding the claim of prosecutional misconduct, knowing use of false evidence and allowing it go uncorrected denied due process of law. Prosecutional knowingly used a altered testimony and false testimony denying applicant a fair and impartial trial.

3. State makes no mention of the Motion filed by Andrew Smith, Assistant District Attorney, "Motion Designating Issues," filed on March 12th, 2014 which the Order Designating Issues should have been transmitted to the Court of Criminal Appeals. The State Original Answer make no mention to the Order Designating Issues prepared and submitted by Andrew Smith Assistant District Attorney and signed by the Honorable Susan Brown, Presiding, 185th Judicial District Court of Harris County.

4. Original Memorandum Brief under cover letter dated April 16th, 2014 specifically addressing the unresolved claim of Applicant, Whether Applicant is actually innooence of the primary case. The cover letter is addressed to Leslie Hernandez, Deputy.

-3-

5. Applicant filed with the Office of Chris Daniel, Clerk under cover letter dated March 21st, 2014, His amended Application for writ of habeas corpus with the attached Exhibit "E" & "F", which should as a matter of fundamental due process of law be reviewed by the Court of Appeal as to the Unresolved Issues Acknowledge by the State. Under cover letter dated March 26th, 2014 a proposed drafted Order to grant the amended writ application presented under cover letter dated March 21st, 2014.

6. Applicant sumbitted under cover letter dated March 31st, 2014, his Original Motion to Recuse and/or Disqualify Judge Susan Brown, with Declaration, and memorandum brief in support which should be made part of the record to be presented to the Court of Appeals.

7. Applicant submitted under cover letter dated April 3rd, 2014, Applicant Alex Melvin Wade, Jr., Memorandum Brief In Support unresolved issue, whether the State committed a Brady violation in the primary case.

8. Applicant submitted under cover letter dated August 4th, 2014, Applicant's Proposed Order for Show Cause and Evidentiary Hearing

9. Applicant sumbitted under cover letter dated August 26th, 2014 a list of Exhibits to be made a part of the habeas record, Exhibits U, T & V, Exhibit "U", Applicant's Exhibit Z, Z1 & Z2, The Jury Notes from the Clerk's Record, etc.

10 Applicant submitted Alex Melvin Wade, Jr., memorandum brief in support of the denial of effective assistance of counsel, and an amended memorandum in support of the denial of effective assistance of counsel in the primary case.

11. Applicant writ of habeas record should contain among the above the

-4-

1. Applicant Alex Melvin Wade, Jr.,'s memorandum brief on unresoled issue whether the Applicant received ineffective assistance of counsel in the primary case. filed on or about May 18th, 2015

2. Applicant Alex Melvin Wade, Jr., Petition and Application for Release on Personal Recognizance Bond and/or Setting of Resonable Surety Bail pending finality of State's Writ of Habeas Corpus. Certificate of Service dates 06/18/15

3. Applicant Alex Melvin Wade, Jr.,'s Amended Memorandum in Support of the Unresolved claim of ineffective assistance of counsel and sufficiency of the evidence in the primary case, with Jury instruction attached CR-00122-00124 and Jury's note CR-00132

4. Applicant Memorandum brief in support of grant of habeas corpus bail pending finality of review by the Court of Criminal Appeals.

5. Applicant's memorandum in support of unresolved issue # five(5), whether the State allowed perjuried evidence and false testimony in the primary case. Dated March 20th, 2014

6. Applicant's Memorandum Brief regarding suppression of impeachment evidence by prosecution authorities that was favorable to applicant. Certificate undated

7. Applicant's Alex Melvin Wade, Jr., memorandum brief on unresolved issue whether the state committed a Brady violation in the primary case. These pleading reference the Clerk's Record in support of the argument. Dated April 3rd, 2014.

Applicant's list go on and on, but the State fails to acknowledge the above filing that should and must be presented to the Court of Criminal Appeals in the Writ Application review. To not prepare a correct habeas record for presentation to the Court of Appeals would be nothing less than deny him his due process of law.

### LEGAL ARGUMENT ON ISSUE OF ACTUAL INNOCENCE THAT ENTITLE HIM TO AN EVIDENTIARY HEARING ON THE CLAIM OF ACTUAL INNOCENCE SUPPORTED

light of McQuiggin v. Perkins, 133 S.Ct. 1924(2013)(citing Schlup v. Delo, 513 U.S. 298(1995) provide the foundation that an applicant must meet to support his actual innocence claim. Applicant allegation has hurdled Ex Parte Riochardson, 70 S.W3d 865, 870(Tex.Crim. App. 2002); See also Ex Part Adams, 768 S.W.2d 281(Tex. Criminal App. 1988), Applicant's evidence presented in the writ filing of Applicant, State's knowingly used false evidence and the State suppressed evidence favorable, which is exculpatory and impeachment evidence. The suppressed evidence, the state knew existed and alled it to go uncorrected.

-5-

Applicant's evidence establising an insufficiency-of-the-evidence standard equivalent to that of Jackson v. Virgina, 443 U.S. 307(1979), the logic of presentation of the evidence, newly discovered and suppressed evidence is to make clear, the Applicant evidence, if presented to the jury and used properly would have established that a fact finder would not have found this applicant guilty of attempted theft.

However, the Clerk's Record, which is part of the habeas record and the same should be made part, contain no complaint by Western World Insurance Group and that along that state did not meet it burden of showing the essential element of the indictment, that is Western World Insurance Group was the complainant. (See, CR00002, against CR 00004 and CR. 00328, ln 13-24).

Applicant evidence and the Clerk's Record do make a colorable showing of innocence "by showing that he might not, or even would not, have been convicted in the absence of evidence claimed to have been unconstitutionally suppressed by the state and applicant denial of the effective assistance of counsel at a critical stage of the proceedings. Rather, as Applicant evidence has shown "fair probability that, in light of all the evidence, including that alleged to have been false, perjuried testimony(but due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after the trial, the trier of the facts would have entertained a reasonable doubt of his guilt."

The Supreme Court has held that defendants must meet an "extraordinary high" standard and threshold showing of innocence before habeas proceedings will be appropriate. Herrera v. Collins, 506 U.S. 390(1993) see also, Schlup v. Delo, supra. Applicant can bring claims based on newly discovered evidence

-6-

under habeas corpus division. State ex rel. Holmes v. Third Court of Appeals, 885 S.W. 2d 389, 397-99(Tex.Crim.App. 1994), overruling Ex Parte Binder, 660 S. W. 2d 103(Tex.Crim.App.1983). An Applicant as this Applicant seeking habeas relief based on a claim of "factual innocence," must, as a threshold demonstrate that the evidence, if creates, a doubt as to the efficacy of the verdict suf- ficienly to undermine confidence in the verdict and that it is possible that the verdict would be different. Be it noted, Exhibit "A" thur "S", (CR-00035-56) was never presented before the jury nor was the exhibits properly made a part of the record, once the threshold has been met, the habeas court, which is this Court must afford this applicant a forum and an opportunity to present his evidence. Holmes, 885 S.W.2d at 397. Applicant has made his prima facia show- ing, which is with clear and convincing evidence the Court of Appeals is en- titled to review in the habeas record that appears to being put into place to forward to the Court of Criminal Appeals. However, State's Original Answer do not make reference to the State's Motion to Designate Issue and State's Proposed Order to Designate Issue, filed on March 11 & 12, 2014, that must be made a part of the record. (See, Exhibit "A" 1 thur 4, attached hereto)

It appears, since the State is attempting to cause the record be incomplete, thereby, in short hiding from the Court of Appeals a complete record, it is nothing less that as it has done in the Clerk's Record, 1222385, in the 185th Judicial District Court, Harris County, Texas manipulated knowing the record should show in it entirty.

It is for the above reasons, this Applicant strenously object and respond to State's Original Answer of November 5th, 2015, respectively.

State's initial Motion to Designate Issue has been granted and the same has not to this day been responded to by the State in this matter.

-7-

## CONCLUSION

For the foregoing reasons, Applicant Alex Melvin Wade, Jr., prays this Honorable Court overrule State's Original Answer filed November 5th, 2015 some one and a half year after the Court Order Designating Issue was signed and presented to the Office of Harris County, Texas District Attorney, Devon Anderson, District Attorney.

Further, if this Court deem that it should grant State's Original Answer, Applicant Alex Melvin Wade, Jr., prays this Honorable Court issue it order directing the Office of Chris Daniel, Clerk of the Harris County District Courts forward the complete habeas record, which contain the list of pleadings and exhibits to the Court of Criminal Appeals referenced herein.

There is no Order attached hereto because it has been the understanding of the undersigned that in matters of this sort. This Honorable Court traditionally writes its own. Thus, the rule requirement asked be waived.

Respectfully submitted,

Dr. Alex Melvin Wade, Jr.
Attorney of Record
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

-8-

## CERTIFICATE OF SERVICE

I, Dr. Alex Melvin Wade, Jr., pro se herein hereby certify a true and correct copy of the foregoing Objection has this November 17t8th, 2015 been served upon the Office of the Honorable Devon Andserson, District Attorney harris County, Texas at 1201 Franklin Street, Ste 6th fl., Houston, Texas 77002, postage pre paid and deposited in the prison's mailbox on and at Mark W. Stiles Unit, 3060 FM 3514, Beaumont, Texas 77705-7638.


                                        Dr. Alex Melvin Wade, Jr.
                                        Attorney of Record


-9-

Cause No. 1222385-D

| | | |
|---|---|---|
| EX PARTE | § | IN THE 185TH DISTRICT COURT |
| | § | OF |
| ALEX MELVIN WADE, JR.,<br>Applicant | § | HARRIS COUNTY, TEXAS |

## STATE'S MOTION REQUESTING DESIGNATION OF ISSUE

The State of Texas, by and through its Assistant District Attorney for Harris County, requests that this Court, pursuant to TEX. CODE CRIM. PROC. art. 11.07, §3(d), designate that the following issue needs to be resolved in the instant proceeding:

1. Whether the applicant is actually innocent in the primary case;

2. Whether the applicant received ineffective assistance of counsel in the primary case;

3. Whether the evidence was insufficient to convict the applicant in the primary case;

4. Whether the State committed a Brady violation in the primary case; and

5. Whether the State allowed perjured evidence and false testimony in the primary case.

EXHIBIT "A"

1

Service has been accomplished by mailing a true and correct copy of the foregoing instrument to the following address:

> Alex Melvin Wade, Jr.
> #1624189 – Stiles Unit
> 3060 FM 3514
> Beaumont, TX 77705

SIGNED this 11th day of March, 2014.

Respectfully submitted,

Andrew Smith
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar I.D. #24048100

Prepared by:
Emily Patton

2

Cause No. 1222385-D

| | | |
|---|---|---|
| EX PARTE | § | IN THE 185TH DISTRICT COURT |
| | § | OF |
| ALEX MELVIN WADE, JR.,<br>Applicant | § | HARRIS COUNTY, TEXAS |

## STATE'S PROPOSED ORDER DESIGNATING ISSUE

Having reviewed the applicant's petition for writ of habeas corpus, the Court finds that the following issue needs to be resolved in the instant proceeding:

1. Whether the applicant is actually innocent in the primary case;

2. Whether the applicant received ineffective assistance of counsel in the primary case;

3. Whether the evidence was insufficient to convict the applicant in the primary case;

4. Whether the State committed a Brady violation in the primary case; and

5. Whether the State allowed perjured evidence and false testimony in the primary case.

Therefore, pursuant to Article 11.07, §3(d), this Court will resolve the above-cited issues and then enter findings of fact.

-3-

1

The Clerk of the Court is **ORDERED <u>NOT</u>** to transmit at this time any

documents in the above-styled case to the Court of Criminal Appeals until further

order by this Court.

**By the following signature, the Court adopts the
State's Proposed Order Designating Issue in Cause No. 1222385-D.**

SIGNED on the _____ day of _____, 2014.

-4-

PRESIDING JUDGE

2

Cause No.: 1222365-D

EX PARTE

§  IN THE 185th DISTRICT COURT

§  OF

ALEX MELVIN WADE, JR.,
    Applicant.

§  HARRIS COUNTY, T E X A S

## DECLARATION OF ALEX MELVIN WADE, JR., APPLICANT IN SUPPORT OF HIS OBJECTION AND RESPONSE TO STATE'S ORIGINAL ANSWER

I, Alex Melvin Wade, Jr., Applicant in this cause of action, writ of habeas corpus proceeding states the statement contained herein and in the objection are true and correct to that that of my knowledge under the penalty of perjury.

1. I Alex Melvin Wade, Jr., have an interest in the outcome of this proceeding, where he raises the grounds of error of his actual innocence of the offense of attempted theft as alleged in indictment number 1222365 this is not limited to allegations raised that are substantive claims, denied effective assistance of counsel in the primary case. I also raised the issue of prosecutional misconduct, knowing use of false evidence and testimony and allowed it to go uncorrected after knowledge. Applicant also raised the issue of insufficient evidence.

2. I did file a writ of habeas corpus on February 24th, 2014 and an Amended writ of habeas corpus on March 26th, 2014. I have with with the Office of Chris Daniel, Clerk of the Harris County, Texas District Court well over twenty (20) pleadings, of those pleading over 80% were supported by evidence which contained newly discovered evidence.

3. I have read the State's Original Answer dated November 5th, 2015 and find that an objection and a response is required because the State's Original Answer appears to withhold information as to filing of Applicant that were submitted to the Office of Chris Daniel, c/o Leslie Hernandez, Deputy. Applicant in part has submitted in part the Clerk's Record of Salara, Clerk of June 18th, 2010 where that record contain a complaint used against this Applicant that was dismissed and should not be made part of the record in this cause of action that was tried in the 185th Judicial District Court, Harris County, Texas. That record show in the Statement of fact, testimony of State's Chief Witness, Eldon Price of Western World Insurance Group, that it did not file a complaint against this applicant (CR-00328 Ln. 13-26) This testimony is consistent with the Clerk's Record, there is no complaint on file filed by Western World Insurance Group. I have presented over fifty exhibits in the habeas proceeding since February 24th, 2015.

4. I believe the Court of Criminal Appeals is entitled to review the complete habeas corpus record in this cause of action. The State's Original Answer appears to cause the record in the habeas corpus record be manipulated to not show all filing made by this Applicant and the State when the State file Motion Requesting Designation of Issue and Presented a Proposed Order Designating Issue. (See Exhibit "A" 1-4)

I swear the information contained in this declaration is true and correct under the penalty of perjury pursuant to Title 18 USC Section 1740.

11/16/15

Alex Melvin Wade, Jr.,
Declarant

-10-